SUPERIOR COURT
OF THE
STATE OF DELAWARE

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

August 18, 2017

Nancy Hammer
P.O. Box 492
Nassau, Delaware 19969

Dennis L. Schrader, Esq.
R. Eric Hacker, Esq.
Morris James Wilson Halbrook & Bayard, LLP
107 W. Market Street
P.O. Box 690
Georgetown, Delaware 19947

Re: *Nancy Hammer v. Howard Medical, Inc., Howard Industries, Inc.*
C.A. No. S15C-05-006 RFS

Date Submitted: May 30, 2017
Date Decided: August 18, 2017

Upon Plaintiff's Motion for Relief from Order.
Denied.

Dear Parties:

Before the Court is Plaintiff, Nancy Hammer's ("Plaintiff" or "Hammer"), Motion for Relief from Order. This Motion seeks to overturn the Court's orders issued April 26, 2017 and April 27, 2017. For the following reasons, Plaintiff's Motion for Relief from Order is **DENIED**.

# I.     BACKGROUND

On May 7, 2015, Plaintiff filed her Complaint against Defendants, Howard Medical, Inc. and Howard Industries, Inc. ("Defendants" or "Howard"), alleging that Howard owed her past due commissions for sales of medical equipment she made to various hospitals. On August 6, 2015, Defendants filed their Answer and Counterclaim, which alleged tortious interference, breach of an accord and satisfaction contract, unjust enrichment, and fraud. Initially, according to the Court's Pretrial Scheduling Order, the final pretrial conference was scheduled for April 4, 2017. The three-day jury trial was set to begin May 1, 2017. For various reasons, these dates were modified. By letter dated March 10, 2017, the Court made the final scheduling modification, which set the pretrial conference for April 26, 2017.

Plaintiff failed to attend the pretrial conference. The Court waited approximately 30 minutes past the scheduled start time to begin the conference. No oral argument took place. The Court issued three orders: (1) denying Plaintiff's request for fees, (2) granting but reducing Defendants' request for fees, and (3) granting Defendants' Motion to Dismiss for Discovery Violations ("Motion to Dismiss" or "Motion"). Further, the Court discussed on the record the rationale behind the denial of Plaintiff's request to stay the case, request for recusal,[1] motion for summary judgment in favor of her claims, and request for summary judgment against Defendants' counterclaims. Finally, the Court granted Defendants' oral motion to dismiss their

---

[1] Hammer denies that she asked for recusal, but the nature of her letter was such that the Court treated it as a request for recusal. Further, the Court notes that Hammer has raised the bias issue on previous occasions, after which the Court engaged in a *Los v. Los* analysis and concluded that it was disinterested and impartial at all times. This analysis is a matter of record. *See* Letter from Judge Richard F. Stokes to Nancy Hammer (August 29, 2016)(on file with the Delaware Superior Court). All decisions, whether written or oral, were given with reasons and were appealable subject to appropriate rules. The Court does not hold any bias against Hammer that stems from some extrajudicial source or information gathered outside of participation in this case. While Hammer disagrees with the rulings, objectively there is no untoward appearance of bias. The Court has remained objective at all times. In short, Hammer's claim of judicial bias is unfounded. *Los v. Los*, 595 A.2d 381, 384-85 (Del. 1991).

2

counterclaims without prejudice. Given that both Defendants' Motion to Dismiss Hammer's claims and oral motion to dismiss their own counterclaims were granted, the Court found that any outstanding issues were moot.

On May 8, 2017, Hammer filed this Motion for Relief from Order. In reality, this Motion is one for reargument and was not filed within the appropriate period. Under Superior Court Civil Rule 59(e), it is barred.[2] Even if considered on its merits, the effort is not persuasive. She seeks to set aside the Court's orders under Superior Court Civil Rules 60 and 61. Plaintiff makes several main arguments to support her request for relief under Rules 60 and 61. In addition to these main arguments, her Motion is littered with various, often redundant, objections to the Court's conduct in and understanding of this case.

First, Hammer claims that clerical mistakes were made that allow for relief under Rule 61(a). Little to no support for this assertion was provided in her filings.

Second, Hammer claims that she was not given notice of Defendants' Motion to Dismiss or the April 26 pretrial conference, which renders the resultant orders void under Rule 60(b). According to Hammer, as a result of this lack of notice, she did not attend the pretrial conference. In Plaintiff's mind, the pretrial conference was an *ex parte* proceeding, and any orders arising therefrom should be set aside.

Third, Plaintiff claims to have answered all of Defendants' interrogatories fully and in compliance with the Court's instructions; therefore, she believes it was improper for the Court to dismiss the case on this basis. Hammer continues the attack that Howard has not provided its discovery notwithstanding the Court's previous decision.[3] She alleges that the Court did not consider her objections on material that Howard provided on January 24, 2017 because the

---

[2] Hammer is well aware of Rule 59's requirement for filings made during the course of the case. *See Hammer v. Howard Medical, Inc.*, 2017 WL 1180085 (Del. Super. Ct. Feb. 14, 2017).

[3] *See Hammer v. Howard Medical, Inc.*, 2017 WL 1179864 (Del. Super. Ct. Feb. 14, 2017).

issuance of the February decisions followed the December 2, 2016 hearing. However, they were considered through subsequent filings made between the December hearing and the February decision date.[4]

Finally, Hammer objects to the Court's characterization of her as a difficult party who has engaged in dilatory tactics throughout this litigation and asserts that the Court is biased against her.

Plaintiff made several references throughout her filing to her entitlement to relief under Rule 61. However, her filing is conclusory, lacking sufficient support.

Defendants countered by asserting that Plaintiff's arguments relating to Rule 60(a) and Rule 61 are irrelevant. Howard asserts that Hammer did not give any examples of clerical mistakes made by the Court that would allow relief under Rule 60(a). Further, Howard argues that Hammer did not make any claims to support her belief that she is entitled to relief under Rule 61.

With regard to Rule 60, Defendants argue that Plaintiff was claiming that the orders were void under Rule 60(b)(4) because she believes that the orders were a result of *ex parte* communications. Howard goes on to assert that Hammer's characterization of the events as *ex parte* is misguided and incorrect. Finally, Defendants claim that to be granted relief under Rule 60(b), Plaintiff would have to show the likelihood of a different outcome if relief were granted,

---

[4] On February 3, 2017, Hammer sent a letter to the Court asserting that Howard's discovery submissions were inadequate. She claimed that the "Discovery Inventory" provided by Howard was unhelpful and incomplete, that certain files provided by Howard could not be opened, and that certain documents still had not been produced. Letter from Nancy Hammer to Judge Richard F. Stokes (Feb. 3, 2017)(on file with the Delaware Superior Court). In response, Howard stated that the Discovery Inventory had been created at Hammer's express request and that the documents Hammer claimed had not been turned over had in fact been provided or were outside of the date range of her request. Letter from R. Eric Hacker, Esquire, Morris James Wilson Halbrook & Bayard (Feb. 7, 2017)(on file with the Delaware Superior Court). The arguments made in both letters were addressed in the Court's February 14, 2017 Order on the issue. *Hammer v. Howard Medical, Inc.*, 2017 WL 1179864, at *6 (Del. Super. Ct. Feb. 14, 2017).

4

which she has not done. Thus, Defendants claim that Plaintiff is not entitled to relief under either Rule 60 or 61 and that the Court's orders should stand.

## II.   STANDARD

Superior Court Civil Rule 60 reads as follows:

(a) **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party and after such notice, if any, as the Court orders.

(b) **Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) by fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a Court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant any relief provided by statute, or to set aside a judgment for fraud upon the Court, or to deal with judgments by confession as provided by law. Writs of coram nobis, coram vobis, and audita querela are abolished, and the procedure for obtaining relief from judgments shall be by motion as prescribed in these Rules or by an independent action.

Thus, Rule 60(a) allows for the correction of clerical mistakes resulting from an oversight or omission by the Court. Rule 60(b) allows for relief from a judgment on one of the five enumerated grounds or for any reason justifying relief from the judgment.

Rule 61 reads as follows:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the Court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the Court inconsistent with substantial justice. The

5

Court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Rule 61 states the traditional harmless error rule. It generally operates in the appeals context.[5] However, Rule 61 also will be used when a trial court is "passing on a motion for a new trial or in considering whether to set aside a verdict or otherwise to disturb a judgment or order" because the court "must be guided by what substantial justice requires and must disregard errors that were harmless."[6]

## III. ANALYSIS

The Court will examine Rule 60 and its subsections as well as Rule 61 in turn. Rule 60(a) allows the Court to correct a clerical mistake. Here, there is no evidence, or even assertion, that a clerical error exists in any of the Court's orders. Plaintiff makes a broad reference to "specific clerical mistakes and omissions in the Court's Letters and Orders" in her Response to Defendants [sic] Response to Plaintiff's Motion for Relief from Order.[7] However, there are no clear examples of clerical mistakes, and the Court sees no reason to grant relief on this basis.

Plaintiff also may not be granted relief under Rule 60(b). While she does not directly reference Rule 60(b)(4), it appears that Hammer is arguing that the Court's orders stemming from Defendants' Motion to Dismiss and the April 26 pretrial conference are void because they were issued as a result of *ex parte* communications.

Neither Defendants' Motion to Dismiss nor the April 26 pretrial conference were *ex parte* communications. According to the Delaware Supreme Court in *Brookins v. State*, "*Black's Law*

---

[5] Wright & Miller, § 2882
[6] *Id.*
[7] It should be noted that Plaintiff has been informed on multiple occasions that responses to responses are improper and to refrain from making such filings. *See* Letter from Alan Barraclough, Civil Judicial Case Manager to Judge Richard F. Stokes, to Parties (Nov. 3, 2016)(on file with Delaware Superior Court); Letter from Alan Barraclough, Civil Judicial Case Manager to Judge Richard F. Stokes, to Parties (Nov. 18, 2016)(on file with Delaware Superior Court); Letter from Alan Barraclough, Civil Judicial Case Manager to Judge Richard F. Stokes, to Parties (Feb. 3, 2017)(on file with Delaware Superior Court).

6

*Dictionary* defines "ex parte" as something being made by one party: 'Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested; of or relating to court action taken by one party without notice to the other.'"[8] Here, the circumstances surrounding Defendants' Motion to Dismiss or the April 26 pretrial conference do not constitute an *ex parte* communication.

Defendants filed their Motion to Dismiss for Discovery Violations on March 29, 2017.[9] Attached to the Motion was a Notice to Hammer that Defendants' Motion to Dismiss would be presented to the Court on April 13, 2017.[10] On April 10, 2017, Hammer filed Plaintiff's Response to Defendants [sic] Motion to Dismiss for Discovery Violations.[11] On the same date, in response to Defendants' Motion, Hammer also provided additional, but still incomplete, interrogatory responses to Defendants.[12] Thus, it is nonsensical for Hammer to claim that she had no notice of Defendants' Motion to Dismiss. The Motion was not an *ex parte* communication.

Plaintiff also was provided adequate notice of the April 26 pretrial conference.[13] In the Court's letter dated March 10, 2017, Hammer was informed that "[t]he pretrial conference shall be held on Wednesday, April 26, 2017 at 10:00 a.m."[14] This letter was both mailed to Plaintiff's post office box and notice of the letter was uploaded to the Court's electronic docket, Delaware

---

[8] *Brookins v. State*, 922 A.2d 389, 392 (Del. 2007)(internal citations omitted).

[9] Docket Entry 258.

[10] This date was later changed by the Court.

[11] Docket Entry 264. The Response is dated February 20, 2017.

[12] Docket Entry 262.

[13] The pretrial conference is a serious event. The Court has broad authority to manage the litigation, including the disposition of pending motions and may impose sanctions, including dismissal for failure to attend. Super. Ct. Civ. R. 16 (c), (d), (f).

[14] Docket entry 250.

State CourtConnect.[15] Moreover, the Court sent a letter dated April 24, 2017 stating that all pending matters would be discussed at the pretrial conference. Again, this letter was mailed to Hammer and notice was uploaded to the electronic docket.[16] Finally, Howard sent Hammer a Notice of Motion pertaining to various motions *in limine* which listed April 26, 2017 as the date for the pretrial conference.[17] Therefore, it is disingenuous for Hammer to feign ignorance of the scheduled pretrial conference. Hammer has feigned surprise at other stages in the litigation.[18] She was afforded adequate notice of the proceeding, but chose not to attend. Hammer's willful absence from the conference did not render it *ex parte*. Thus, the orders cannot be voided on this basis.

Additionally, the April 24 letter stated that "[a]t the pretrial conference *all pending matters* would be discussed...."[19] Therefore, presentation of the Defendants' Motion to Dismiss should not have taken Plaintiff by surprise, as the Motion was a matter pending before the Court. Also, Defendants' included with the Motion a Certificate of Service, which showed that the Motion was provided to Hammer via both U.S. mail and email. Hammer's claimed lack of notice is unfounded. It was proper for the Court to rule on the Motion at the time of the pretrial conference.

Moreover, Plaintiff attacks the grounds on which Defendants' Motion to Dismiss was granted. Defendants requested for Plaintiff's case to be dismissed because she repeatedly and

---

[15] The scheduling event portion of the electronic filing system reflected the pretrial conference originally set for April 4, 2017 had been moved to April 26, 2017. The entry on Delaware State CourtConnect dated April 3, 2017 reads in pertinent part as follows: "Pretrial conference scheduled for 4/4/17—rescheduled to 4/26/17."

[16] The entry on Delaware State CourtConnect reads in pertinent part as follows: "Letter from Richard F. Stokes, Judge...At the pretrial conference, all pending matters will be discussed...."

[17] Def.'s Mot. In Limine Exclude Evidence Not Provided During Disc; Def.'s Mot. In Limine Exclude Irrelevant Unfairly Prejudicial Evidence.

[18] *See* Letter from Nancy Hammer to Judge Richard F. Stokes (August 10, 2017)(on file with the Delaware Superior Court); *Hammer v. Howard Medical, Inc.*, 2017 WL 1167550, at *3 (Del. Super. Ct. Feb. 14, 2017).

[19] Letter from Judge Richard F. Stokes to Parties (April 24, 2017)(on file with Delaware Superior Court)(emphasis added).

willfully failed to respond to interrogatories.[20] After considering the six *Drejka* factors,[21] the Court decided that, in light of Hammer's continued non-compliance, dismissal with prejudice was the only appropriate sanction.[22] Hammer continues to argue that she has complied with all discovery obligations regarding the interrogatories.[23] No additional answers to interrogatories have been filed since the issuance of the April 26, 2017 order; therefore, the Court's opinion on this matter remains unchanged. Dismissal was appropriate and necessary.

Furthermore, the Plaintiff has no cause for relief under Rule 61. As mentioned before, Rule 61 states the harmless error rule. Again, it is not an avenue for reargument. Rule 61 directs the Courts to correct only those errors which harm the substantial rights of the litigants; harmless errors should be ignored.[24] Typically, Rule 61 is applied when considering an appeal. However, Rule 61 can be used by the trial court when considering a motion for a new trial.[25] Additionally, the basic idea underpinning Rule 61, which is to avoid upsetting decisions of the Court for harmless errors, is present in Delaware case law pertaining to trial courts. For example, the Delaware Superior Court stated, "[T]he United States Supreme Court has observed that harmless error rules 'serve a useful purpose insofar as they block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result in any way.' [The

---

[20] Def.s' Mot. Dismiss Disc. Violations, 1.

[21] *Drejka v. Hitchens Tire Serv. Inc.*, 15 A.3d 1221, 1224 (Del. 2010)(listing the six factors as follows, "(1) the party's personal responsibility; (2) the prejudice caused to the adversary; (3) the party's history of dilatoriness; (4) whether the party's conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the party's claim or defense.").

[22] Superior Court Order dated April 26, 2017.

[23] Mot. Relief Order, 9.

[24] As previously mentioned, the Court balanced the *Drejka* factors before determining that dismissal was the appropriate sanction. Therefore, the result is consistent with the notion of substantial justice referenced in Rule 61. Furthermore, while subsequent argument may reveal that that statute of limitations has not run, Hammer still cannot show the meritoriousness of her claim for the reasons stated in the letter opinion. Further, to date, Hammer has been unable to substantiate her claim, and she is unlikely to ever do so, given her over year long pattern of failing to answer interrogatories and general uncooperativeness thus far.

[25] *Putney v. Rosin*, 791 A.2d 902, 906 (Del. Super. Ct. 2001)("A new trial should be granted if improper comments prejudicially affect substantial rights of the plaintiff."); *Chandler v. Miles*, 8 W.W.Harr 431, 193 A. 567, 582 (Del. Super. Ct. 1937)(Stating that new trials on the ground of newly discovered evidence "will be allowed only where the Court is convinced that a new trial would be in furtherance of justice.").

9

harmless error rule] is imbedded in the rules of the courts of this state."[26] Thus, when operating in a quasi-appellate capacity, the Court must abide by Rule 61.

However, this case does not lend itself to relief under Rule 61. Rule 61 cannot be used as a belated, backdoor attack on Howard's Motion to Dismiss. First, there has been no trial in this case, so there is obviously no motion for a new trial to be considered. Rule 61 is most commonly employed by a trial court when considering a motion for a new trial. Even if there is some relevant application of Rule 61 to this case, there is no reason for the Court to upset the judgments because any errors, if any, did not affect the substantial rights of the parties. No error was committed that materially affected the outcome of the case, so the judgements stand.

Finally, the Court acknowledges Hammer's argument that she was too ill to carry on her responsibilities in the litigation and that she believed a stay had been granted to accommodate her medical issues. There was nothing in any of the Court's correspondence on this issue to indicate that a stay had been granted. The Court understood that Hammer was hospitalized at Beebe Medical Center on March 2, 2017 for diabetes. From the paucity of information provided, Hammer was in the community on or about March 16, 2017. Because of this situation, the Court repeatedly requested that Hammer provide additional and more detailed information regarding her medical condition.[27] However, Plaintiff at no point provided adequate information, including but not limited to providing easily obtainable Beebe Medical Center records. The Court also notes that during this period Hammer was still able to file various documents with the Court on other subjects. There was no reason for Hammer to believe that a stay had been granted, especially in light of the fact that she never fully complied with the Court's request for additional

---

[26] *State v. Teague*, 2009 WL 929935, at *3 (Del. Super. Ct. Apr. 3, 2009).
[27] Letter from Judge Richard F. Stokes to Parties (March 10, 2017)(on file with Delaware Superior Court); Letter from Judge Richard F. Stokes to Nancy Hammer (March 31, 2017)(under seal); Letter from Judge Richard F. Stokes to Nancy Hammer (April 5, 2017)(under seal). These letters are orders and Hammer marched to the beat of her own drum on this as well as other orders throughout the case.

10

information, including but not limited to identifying her medical provider.[28] Lastly, the Court would like to point out that Hammer's medical condition in no way factored into the dismissal of this case. The only ground for dismissal focused on her refusal to fully answer Howard's interrogatories that was represented in the still noncompliant response that Hammer prepared on February 20, 2017.[29] Her physical health at a later time was immaterial.

In conclusion, Plaintiff's Motion is barred by Rule 59(e). Further, Plaintiff has neither shown that the judgment is void under Rule 60(b)(4) nor that there is any other reason justifying relief from the judgment under Rule 60(b)(6). Also, her reliance on Rule 61 is misplaced. Considering the foregoing, Plaintiff's Motion for Relief from Order is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office

---

[28] In addition to her failure to provide adequate medical information, Hammer participated in filing documents at a point close in time to the pretrial conference. *See* Aff. for Att'ys Fees (March 3, 2017); Letter from Nancy Hammer to Judge Richard F. Stokes (March 24, 2017)(on file with the Delaware Superior Court); Letter from Nancy Hammer to Judge Richard F. Stokes (April 10, 2017)(on file with the Delaware Superior Court); Letter from Nancy Hammer to Judge Richard F. Stokes (April 24, 2017)(on file with the Delaware Superior Court). Hammer's filings reflect that she was well enough to attend the pretrial conference and proceed with her case. At no point did Hammer assert that she did not attend the pretrial conference because her health prevented her from doing so, only that she did not have notice of the event. *See In re New Century TRS Holdings, Inc.*, 526 B.R. 562, 566-67 (D. Del. 2014)(dismissing a case when *pro se* plaintiff failed to submit filings after being given multiple extensions. The plaintiff claimed that she was unable to make such filings because hand surgery had limited her ability to type. However, the Court noted that the plaintiff had filed other documents with the Court during the time period she was supposedly unable to type, purportedly on her own behalf. The Court weighed the *Poulis* factors (like those in *Drejka*) for dismissal and found that such action was an appropriate sanction).

[29] The Court notes that on February 23, 2017 Hammer requested extensions to the filing deadline for her answering brief and various responses to defense motions. In her request for more time there was no mention of Hammer's health troubles. Letter from Nancy Hammer to Judge Richard F. Stokes (February 23, 2017)(on file with the Delaware Superior Court). The Court granted her extensions, over Defendants' objection. Letter from Judge Richard F. Stokes to Parties (March 10, 2017)(on file with the Delaware Superior Court).