**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

FRANKLIN E. CREASY, as Executor )
of the Estate of HERBERT E. )
CREASY, deceased, and MARILYN )
CREASY, )
)
      Plaintiffs, )     C.A. No. N15C-01-218 ASB
)
          v. )
)
GEORGIA PACIFIC, et al., )
)
      Defendants. )

August 28, 2017

*Upon Plaintiffs' Appeal of Plaintiffs' Motion to Move Trial Grouping*
*and Reopen Discovery to Supplement Expert Report.*
**AFFIRMED**.

This is an appeal from the Special Master's July 28, 2017 decision denying Plaintiffs' Motion to Move Trial Grouping and Reopen Discovery to Supplement Expert Report. Plaintiffs filed the Complaint on January 28, 2015 against numerous Defendants. The case was initially scheduled for trial in June 2017. Plaintiffs' expert reports were due November 18, 2016. Their original expert pathologist became ill, and Plaintiffs sought an extension of the expert report deadline. The parties agreed to move the trial to September 2017 and extend the expert deadline. Plaintiffs retained Mark Ginsburg, M.D. as their new expert, and Plaintiffs filed Dr. Ginsburg's report on March 9, 2017. Defendants filed a motion for summary

judgment on April 7, 2017 arguing that Dr. Ginsburg's expert report was insufficient under Virginia law. On May 5, 2017, Plaintiffs filed their motion to reopen discovery in lieu of a response. The Special Master analyzed Plaintiffs' request under Delaware's good cause standard, Rule 56(f) for reopening discovery, and under the Delaware Supreme Court's decision in *Drejka*. The Special Master found that Plaintiffs did not meet their burden to demonstrate good cause to reopen discovery, they did not properly seek relief under Superior Court Civil Rule 56, and even if *Drejka* applied, that the Plaintiffs have not made out a case for relief.

The Court reviews the Special Master's legal and factual findings *de novo*.[1] This Court agrees that Plaintiffs have not met their burden to show good cause to reopen discovery. This Court is "not required to allow a plaintiff to supplement a previously submitted expert report after the expert report cutoff has expired if there is no good cause to permit the untimely filing."[2] "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."[3]

---

[1] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999); *see also In re Asbestos Litig.*, 623 A.2d 546, 548 ("Masters' decisions on pre-trial, non-dispositive issues should be reviewed under the clearly erroneous standard, while decisions which are case dispositive or which determine substantial issues and establish legal rights should be subject to *de novo* review.").

[2] *Moses v. Drake*, 109 A.3d 562, 566 (Del. 2015).

[3] *Id.*

As Defendant points out, Plaintiffs provided an extensive witness list of medical causation experts to use in Plaintiffs' case. Defendant agreed to extend the initial expert deadline from November 18, 2016 to December 9, 2016. Additionally, per Plaintiffs' request, the trial was moved from June 2017 to the September 2017 asbestos trial calendar. Thus expert report deadline moved to February 28, 2017. Again, at Plaintiffs' request, the expert deadline was extended to March 10, 2017. Plaintiffs' filed a Notice of Service of Dr. Ginsburg's expert report on March 9, 2017. On April 7, 2017, Defendant filed a Motion for Summary Judgment based on a claim that Plaintiffs' March 9 expert report is deficient under Virginia substantive law. Based on these facts before the Court, Plaintiffs did not demonstrate substantial risk of unfairness. Rather, Plaintiffs now ask to re-open discovery because their expert report is subject to scrutiny under Virginia law, which was declared the substantive law in this case on December 20, 2016. Additionally, this Court agrees with the Special Master, concluding that *Drejka* does not apply to Plaintiffs' case.[4] This is not the case where there is a discovery violation, a violation of the trial scheduling order, or a *motion in limine* to exclude the expert report. Rather, Plaintiffs ask the Court to grant Plaintiffs relief because Defendant's motion for summary judgment claims that Plaintiffs' expert report is deficient under Virginia law. Although the original expert's death was an unforeseeable event, Defendant

---

[4] *Drejka v. Hitchens Tire Service Inc.*, 15 A.3d 1221, (Del. 2010).

accommodated Plaintiffs numerous times throughout the course of this litigation, and Plaintiffs did in fact file an expert report in March. For the aforementioned reasons, the Special Master's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.