**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

JOHN A. PARKINS, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE: (302) 255-2584

August 08, 2018

Peter K. Janczyk, Esquire
Edelstein Martin & Nelson
1000 North West Street, Suite 1200
Wilmington, Delaware 19801

Miranda D. Clifton, Esquire
Young & McNelis
300 South State Street
Dover, Delaware 19901

Re:     ***McDaniel v. Cyntellex Series 8 LLC***
        **C.A. No. N17C-09-026 JAP**

Dear Counsel:

This case presents perhaps the worst example of lack of professionalism ever encountered by this Judge. Before the court is a case where Plaintiff's Counsel, Peter K. Janczyk's, failure to comply with discovery requests and a court order, or otherwise communicate with Defense Counsel resulted in the Defendant filing a motion to dismiss the complaint for failure to prosecute. Instead of responding to Defendant's motion, Plaintiff's Counsel filed a motion to withdraw in which he informed the court for the first time that he was terminated by his client over two months prior. For the reasons that follow, the Defendant's motion to dismiss is **DENIED**, but sanctions are imposed on Plaintiff's Counsel, Peter K. Janczyk, for noncompliance with the court's discovery order. Mr.

Janczyk's motion to withdraw is **GRANTED**, and Plaintiff has 60 days to obtain new counsel and inform the court, or he must otherwise take proceedings in this case; failure to do so may result in dismissal of the case under Superior Court Civil Rule 41(e).

## BACKGROUND

This is a negligence case brought by Plaintiff Gaddies McDaniel against Defendant Cyntellex Series 8 LLC arising out of a slip and fall. Plaintiff retained Peter Janczyk to represent him. Plaintiff, through his counsel, filed the complaint on September 5, 2017, and it was served the next month. Since that time, Plaintiff has not taken any action to move the case forward.[1]

On November 13, 2017, Defense Counsel sent a letter to Plaintiff's Counsel notifying him of her representation of Defendant, requesting documentation on special or boardable damages, and supplying medical authorizations for Plaintiff to execute. Mr. Janczyk did not respond to Defense Counsel's letter. On December 8, 2017, Defendant formally served interrogatories, a request for production, a second set of medical authorizations, and a request for the identification of boardable expenses on Plaintiff.[2] Again, Mr. Janczyk did not respond to Defendant's requests.

On February 21, 2018, after receiving no Rule 3(h) documents from Plaintiff and no response to Defendant's interrogatories or request for

---

[1] The docket reflects that the parties entered into a partial stipulation of dismissal dismissing Defendants Cyntellex LLC, Cyntellex Properties, and Cyntellex Property Management with prejudice, which was filed on March 15, 2018 by Defense Counsel. D.I. 12.

[2] D.I. 9, 10.

production, Defense Counsel sent a letter to Plaintiff's Counsel inquiring as to when responses would be received. For the third time, Mr. Janczyk did not respond. Because Defendant had also not received Plaintiff's signed medical authorizations, Defense Counsel emailed Plaintiff's Counsel on February 26, 2018 inquiring as to when the authorizations would be received. No response to the email was received. That same day, Defense Counsel sent a letter reminding of Plaintiff's discovery obligation and inquiring as to when she would receive a response to Defendant's requests for interrogatories, production of documents, Plaintiff's boardable expenses, Rule 3(h) documents, and Plaintiff's signed medical authorizations. For the fifth time, Mr. Janczyk also did not respond. Defense Counsel still proceeded to try and move the case forward by scheduling a deposition of the plaintiff.

Defense Counsel next contacted Plaintiff's Counsel by telephone on March 1, 2018. When Defense Counsel called Mr. Janczyk's office she spoke with one of his staff members. Later that day, Defense Counsel followed up with an email to Mr. Janczyk detailing the conversation she had with his staff member, and also attaching a third medical authorization form and additional copies of Defendant's interrogatories, request for production, request for boardable expenses, and a notice of deposition of Plaintiff. Yet again, Mr. Janczyk did not return the phone call or respond to the email. This was at least the sixth time Mr. Janczyk did not respond to Defense Counsel's legitimate inquiries.

On March 9, 2018, Defense Counsel attempted to contact Plaintiff's Counsel by facsimile to inform Plaintiff's Counsel of Defendant's intent to file a

3

motion to compel. Defense Counsel made four unsuccessful attempts to send a fax to the number associated with Mr. Janczyk. She then called Mr. Janczyk's office and his staff provided an alternative number. A successful fax was sent on March 12, 2018. Mr. Janczyk did not respond to the fax either.

Defendant filed a motion to compel discovery, to which Plaintiff did not respond. Consequently, this court signed the order compelling discovery on April 18, 2018.[3] The deadline for Plaintiff's discovery response, set for May 17, 2018, came and went. In yet another series of failures, Mr. Janczyk and his client did not comply with the court's order in any respect, and Plaintiff's Counsel made no attempt to communicate with the court or Defense Counsel either before or after the deadline. Accordingly, Defendant filed a motion to dismiss for failure to prosecute on May 21, 2018.[4] Plaintiff did not respond to the motion. Rather, Mr. Janczyk filed a motion to withdraw as Plaintiff's Counsel one month later.[5] The court held a hearing on July 16, 2018 for argument on both motions.

During the hearing, Plaintiff's Counsel conceded that he did not respond to any correspondence by Defense Counsel, and had not in any way complied with Plaintiff's discovery obligations under the court order. Mr. Janczyk argued that he did not respond to Defense Counsel or comply with the court order because "he could not comply" with the discovery requests because his client was uncooperative. When asked by the court how many times he tried to write to or contact his client, Plaintiff's Counsel provided only one example where on

---

[3] D.I. 17.
[4] D.I. 19.
[5] D.I. 21.

4

or about March 5, 2018—albeit, after at least seven attempts at communication by Defense Counsel—he sent the Plaintiff a letter with the interrogatories and medical authorizations.  Counsel could not locate that letter or any other letter to his client during the hearing. Mr. Janczyk also stated to the court that he possessed Rule 3(h) medical records for the plaintiff, but did not produce the records to Defense Counsel because "he thought she had already received them."

Contemporaneously, as to his motion to withdraw, Mr. Janczyk stated that he was apparently terminated by his client two months prior, on April 26, 2018, during an in-office meeting.  Mr. Janczyk argued he did not inform the court or file a motion to withdraw until June 26, 2018—after the court's ordered deadline and after the Defendant filed its motion to dismiss—because Mr. Janczyk could not reach the plaintiff to ostensibly find out if new counsel had been retained. Sometime after the hearing Mr. Janczyk finally produced Plaintiff's Rule 3(h) documents to Defendant, but did not produce signed authorizations or discovery responses.[6]

**ANALYSIS**

I.    *Defendant's Motion to Dismiss Is Denied; Lesser Sanctions Imposed*

This court has "discretion to resolve scheduling issues and to control its own docket."[7]  Pursuant to Superior Court Civil Rule 16, "parties must adhere to the trial judge's scheduling order and conduct discovery 'in an orderly

---

[6]  D.I. 28.

[7]  *Sammons v. Doctors for Emergency Servs.*, P.A., 913 A.2d 519, 528 (Del. 2006).

fashion.'"[8]  If a party fails to obey the court's orders, the court may impose sanctions, which includes the sanction of dismissal.[9]  Accordingly, Rule 41(b) allows a defendant to move for dismissal of a case for "failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court."[10]

But the court recognizes that the "sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[11] The Delaware Supreme Court has held generally that courts should only dismiss a case if a lesser sanction cannot cure the offending conduct.[12]  The Court considers six factors when determining the appropriateness of dismissal for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the merits of the claim or defense.[13]

Applying these factors here, the court finds that the severe sanction of dismissal is not appropriate at this time.  Although there is prejudice to the defendant—who is entitled to have the claims resolved in a timely fashion— caused by Plaintiff's failure to participate in discovery, the court cannot say that that the delay here is solely attributable to the plaintiff, Mr. McDaniel, himself.

---

[8]  *Abdullah v. Rago*, 2016 WL 6246891, at *3 (Del. Super. Oct. 24, 2016) (citing *Dillulio v. Reece*, 2014 WL 1760318, at *3 (Del. Super. Apr. 23, 2014)).
[9]  *Id.*
[10]  Super. Ct. Civ. R. 41(b).
[11]  *Id.* (quoting *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008)).
[12]  *See generally, Drejka v. Hitchens Tire Service, Inc.*, 15 A.3d 1221 (Del. 2010); *Christian v. Counseling Resource Assoc., Inc.*, 60 A.3d 1083 (Del. 2013).
[13]  *Reynolds v. Mitchell*, 2017 WL 6496442, at *2 (Del. Super. Dec. 19, 2017) (citing *Drejka*, 15 A.3d at 1224.

6

The record here is filled with examples of Plaintiff's Counsel, Mr. Janczyk's, exceedingly unprofessional conduct in: failing to respond to approximately eight correspondence attempts by Defense Counsel or court filings regarding discovery; failing to comply with the court's order to compel discovery; failing to communicate with the court regarding supposed uncooperativeness of client resulting in the inability to comply with the court's order; and failing to communicate with court in a timely manner regarding termination of counsel by his client.

Although Mr. Janczyk argued at the hearing that Plaintiff was uncooperative and either would not respond to him, would miss scheduled appointments, or otherwise did not participate in answering discovery, Mr. Janczyk has pointed to only one instance where he reached out to Plaintiff in writing. Despite that there is some evidence in the record of Plaintiff's own responsibility, under these facts the court cannot find that the delay here was solely attributable to Plaintiff to warrant dismissal at this time. The court finds that a lesser sanction on counsel is appropriate.

Rule 37(b)(2) provides for sanctions by the court when a party or his attorney fails to make discovery:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery . . . the Court may make such orders in regard to the failure as are just . . . In lieu of any of the foregoing orders or in addition thereto, the Court ***shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure***, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.[14]

---

[14] Super. Ct. Civ. R. 37(b)(2) (emphasis added).

Here, Plaintiff failed to comply with court's April 18, 2018 Order, compelling discovery.[15] Mr. Janczyk as Plaintiff's Counsel provided no communication with the court before or after his client's failure to comply. Defendants tried all possible means of communications to Plaintiff's Counsel in an effort to obtain discovery without court intervention including letters, emails, telephone, and facsimile. Non-compliance with the court's order not justified, and in fact, Mr. Janczyk's failure to communicate at all was unprofessional. Accordingly, the court hereby imposes a sanction on Mr. Janczyk to pay to the Prothonotary, on or before September 14, 2018, fees in the amount of $500 for reasonable efforts exerted by Defense Counsel.

*II.     Motion to Withdraw is Granted,*
*and Plaintiff Must Provide Notice of Intention to Proceed.*

Also pending before the court is Mr. Janczyk's motion to withdraw as Plaintiff's Counsel based on his apparent termination by Plaintiff on April 26, 2018. At that time, Plaintiff represented to Mr. Janczyk that he would retain new counsel. Having considered the motion; the presentation and representations made at the hearing held on July 16, 2018; and the entire file of this civil action:

**IT IS HEREBY ORDERED** that the Motion to Withdraw is **GRANTED**; and

**IT IS HEREBY FURTHER ORDERED** that Peter K. Jancyzk and the law firm of Edelstein Martin & Nelson, are deemed withdrawn as counsel for Plaintiff, Mr. McDaniel; and

---

[15]   D.I. 17.

8

**IT IS HEREBY FURTHER ORDERED** that Mr. McDaniel shall have sixty (60) days from the date of this Opinion and Order to either: (i) provide notice that Mr. McDaniel will represent himself in this civil action; or (ii) have new counsel file an entry of appearance and representation on behalf of Mr. McDaniel; and

**IT IS HEREBY FURTHER ORDERED** that, if Mr. McDaniel does not comply with the preceding paragraph of this Opinion and Order, the court may dismiss this civil action under Rule 41(e) of the Superior Court Civil Rules[16]; and

**IT IS HEREBY FURTHER ORDERED** that, within five (5) days of the date of this Order, Mr. Jancyzk and/or the law firm of Edelstein Martin & Nelson, shall serve a copy of this Opinion and Order, by first class certified mail return receipt requested, on Mr. McDaniel.

**IT IS SO ORDERED.**

Very truly yours,

John A. Parkins, Jr.

oc:     Prothonotary

---

[16] "The Court may order an action dismissed, sua sponte, upon notice of the Court, for failure of a party diligently to prosecute the action, for failure to comply with any rule, statute, or order of the Court, or for any other reason deemed by the Court to be appropriate." Super. Ct. Civ. R. 41(e).