Jeanette Christina DREJKA and
Christian Drejka, Plaintiffs
Below, Appellants,

v.

HITCHENS TIRE SERVICE INC.,
David Wood, and Atlantic Concrete
Inc., Defendants Below, Appellees.

No. 748, 2009.

Supreme Court of Delaware.

Submitted: Oct. 6, 2010.
Decided: Dec. 28, 2010.

Henry A. Heiman, Esquire (argued), Basil C. Kollias, Esquire and Blake A. Bennett, Esquire of Cooch & Taylor, P.A., Wilmington, Delaware, for Appellants.

Jeffrey S. Friedman, Esquire (argued) of Silverman, McDonald & Friedman, Wilmington, Delaware, for Appellee Hitchens Tire Service Inc.

Ronald W. Hartnett, Jr., Esquire (argued) of Reger Rizzo & Darnall, LLP, Wilmington, Delaware for Appellees David Wood and Atlantic Concrete Inc.

Before BERGER, JACOBS and RIDGELY, Justices.

BERGER, Justice:

In this appeal, we consider whether the Superior Court abused its discretion in dismissing appellants' personal injury claims as the sanction for discovery violations. The trial court must exercise control over its calendar, and attorneys who ignore deadlines should be sanctioned. But dismissal is the ultimate sanction, and generally it should not be used except in extreme cases, where other sanctions have proved ineffective. This is not such a case. Appellants' attorneys had no excuse for their dilatory behavior, and they (not their clients) should be required to pay all of the costs and expenses associated with their conduct. If monetary sanctions are not effective in obtaining full compliance with court orders and scheduling deadlines, dismissal may be the only available sanction. At this point, however, the entry of judgment in favor of appellee, Hitchens Tire Service Inc., must be reversed.[1]

## Factual and Procedural Background

On August 24, 2005, Jeanette Drejka was traveling north on Route 1 near Smyrna, Delaware, when a wheel fell off a concrete truck and struck her car. Drejka allegedly suffered permanent injuries. After being examined at the Kent General Hospital Emergency Room, Drejka was treated by Dr. Richard P. DuShuttle and Dr. Ganesh Balu.

In April 2007, Drejka and her husband filed suit against Hitchens Tire Service Inc., the company that installed the tire, David Wood, the driver of the truck, and Atlantic Concrete Inc., the owner of the truck. In June 2008, the Superior Court entered a Scheduling Order. Among other things, the Scheduling Order set December 19, 2008 as the deadline for the submission of Drejka's expert report; January 16, 2009 as the deadline for the submission of defendants' expert report; and February 13, 2009 as the discovery cut-off date. Trial was set for July 27, 2009.

1. Appellees David Wood and Atlantic Concrete Inc. cross-appealed from the trial court's denial of their motion for summary judgment on the merits. As will be discussed, appellants concede that there are no genuine issues of fact in dispute, and we conclude that David Wood and Atlantic Concrete Inc. are entitled to judgment as a matter of law. The trial court's entry of judgment in their favor, therefore, will be affirmed.

From the record, it appears that none of the parties met any of those deadlines, although some depositions were taken in January and February 2009. On May 5, 2009, Drejka provided Hitchens with Balu's expert report. A few days later, Hitchens took the trial deposition of its expert, Dr. Jeffrey A. Meyers. On May 27, 2009, Hitchens filed a motion *in limine* to exclude Drejka's expert medical testimony. Hitchens argued that Drejka's May 5th production was "far too late" and that Hitchens would be "severely" prejudiced. The trial court properly rejected Drejka's argument that the production of Balu's medical records, in October 2008, constituted compliance with the court's Scheduling Order. The court noted that Balu's report was four months late, and found that Hitchens had "no means to develop a rebuttal of Dr. Balu's opinions, nor to prepare adequately for cross-examination."[2] As a result, the Superior Court excluded Balu's testimony and his expert opinion.

Drejka then attempted to salvage her case by trying to add DuShuttle as an expert, and by trying to use Meyers, Hitchens' expert, as her own. The trial court excluded both doctors as experts for Drejka. Shortly thereafter, Hitchens moved for summary judgment and that motion was granted on the basis that, without an expert, Drejka could not make a *prima facie* claim of negligence. This appeal followed.

## Discussion

■ Drejka raises three claims on appeal, but only one requires discussion. First, she says that, under Superior Court Rule 26(b)(4), she was not required to produce Balu's expert opinion because he was Drejka's treating physician. We will not address this argument because Drejka conceded that she did not raise this argument in the trial court.[3] Next, Drejka argues that the trial court abused its discretion by not allowing her to compel Meyers to testify as her expert witness. Meyers was hired by Hitchens; he objected to testifying for Drejka; and, if allowed to testify, Meyers would severely prejudice Hitchens by keeping Drejka's claim alive. We find no abuse of discretion.[4]

■ Drejka's remaining argument has merit. Balu was Drejka's treating physician, and there was no question about the relevance of his fact evidence, or the scientific reliability of his opinion evidence. The trial court excluded Balu's evidence because Drejka failed to abide by the Scheduling Order, and failed to seek modification of that Order. In essence, the trial court entered a default judgment against Drejka as a sanction for violating the court's Scheduling Order.

Superior Court Rules 16(f) and 37 authorize the court to sanction recalcitrant parties in several ways:

1) If a party files a motion to compel discovery, and the motion is granted, or the discovery is produced after the motion is filed, "the Court *shall* ... require the party ... or attorney ... or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order...."[5]

2) If a party fails to obey an order granting a motion to compel discovery, the court may deem the disputed facts to be established, prohibit the party from introducing evidence on the disputed facts, strike all or portions of the

---

**2.** *Drejka v. Hitchens Tire Service Inc., et al.,* C.A. No. 07C–04–583PLA, at 8, 2009 WL 1813761 (Del.Super. July 13, 2009).

**3.** Supr. Ct. Rule 8.

**4.** *See: Pinkett v. Brittingham,* 567 A.2d 858, 860 (Del.1989).

**5.** Super. Ct. R. 37(a)(4)(A) (Emphasis added.).

pleadings, or enter a default judgment against the disobedient party.[6]

3) If a party fails to obey a scheduling order, the court may impose any of the sanctions listed above, and the court "*shall* require the party or the attorney representing the party, or both, to pay the reasonable expenses incurred because of any noncompliance with [the] Rule...."[7]

 The trial court has discretion in choosing the appropriate sanction. But, "[t]he sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[8] This Court considers six factors in deciding whether the trial court's sanction was an abuse of discretion:

> [T]o determine whether the trial court has abused its discretion in dismissing or refusing to lift a default, we will be guided by the manner in which the trial court balanced the following factors, ... and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[9]

Applying this standard, we must conclude that the sanction against Drejka was inappropriate. Drejka, herself, appears to have no responsibility for her attorney's conduct. Although Hitchens contended that it was severely prejudiced, Hitchens received Balu's expert report more than two months before the scheduled trial date, and, presumably, could have deposed Balu within that time. Drejka had a history of dilatoriness. But, on the two occasions that Hitchens filed motions to compel, Drejka responded and the motions were withdrawn. There is no evidence that Drejka's attorney was acting in bad faith. No other sanctions were imposed during the course of this litigation, so there is no reason to believe that lesser sanctions would be ineffective. Finally, on the merits, Hitchens' own expert agreed with Balu's conclusion that Drejka suffered permanent soft tissue impairment as a result of the accident.

Unfortunately, it is not uncommon for litigants to disregard Scheduling Orders. Both parties' attorneys may be pressed for time; they may be talking settlement; or they may be having difficulty finding or paying for an expert. The trial courts' caseloads, however, require that trials be scheduled a year or more in advance. Thus, it is inevitable that some cases will have to be prodded forward through the use of sanctions. The Superior Court Rules recognize this problem and provide what is likely to be the most effective sanction—monetary penalties to be paid by the attorneys, not their clients. If monetary sanctions were imposed more frequently, attorneys would be far less likely to delay in obtaining (and thus having to pay) experts. Moreover, if monetary sanctions were imposed several times, and were not effective, the sanction of dismissal would be much more supportable.

---

6. Super. Ct. R. 37(b)(2).

7. Super. Ct. R. 16(f) (Emphasis added.).

8. *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del.2008).

9. *Minna v. Energy Coal S.p.A.*, 984 A.2d 1210, 1215 (Del.2009) (Citations omitted.).

Finally, we address Atlantic Concrete and Wood's cross-appeal. They had moved for summary judgment on the ground that there was no evidence that they were in any way responsible for the accident. Mr. Hitchens testified that the tire flew off the truck because the lug nuts on the tires were stripped. He also said that Wood had no way of knowing about the stripped lug nuts, and that he would not have detected the problem during his routine pre-trip inspection of the truck. In short, Hitchens took full responsibility for the accident. The trial court denied the motion. It held that liability is always an issue for the jury, and despite the lack of evidence that Atlantic Concrete or Wood did anything wrong, the jury still could decide that they should have done something more to inspect the tires.[10]

As Drejka conceded at oral argument, there are no material facts in dispute with respect to Wood's pre-trip inspection of the tires on the Atlantic Concrete truck. The only evidence is that he inspected the wheels properly, and that he could not have known that the lug nuts were stripped. Given these facts, there is no basis on which a jury could find that Atlantic Concrete and Wood were negligent. A jury is not free to find a party negligent without evidence that the party failed to act with reasonable care. Accordingly, the trial court should have granted Atlantic Concrete and Wood's first motion for summary judgment.[11] Since it granted their second motion, we affirm that decision on the ground stated above.

---

10. Atlantic Concrete and Wood again moved for summary judgment after Balu's testimony was excluded. The court granted that motion.

11. *See: Burkhart v. Davies,* 602 A.2d 56, 59 (Del.1991) (Summary judgment appropriate

### Conclusion

Based on the foregoing, the Superior Court's judgments in favor of Atlantic Concrete Inc. and David Wood are AFFIRMED, and the judgment in favor of Hitchens Tire Service Inc. is REVERSED. Jurisdiction is not retained.

where party fails to make showing of existence of an element essential to claim.); *Faircloth v. Rash,* 317 A.2d 871 (Del.1974) (Summary judgment must be entered where undisputed facts compel only one conclusion.).