# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JULIE REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-12-424 ALR |
| | ) | |
| ANTHONY JOSEPH MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 17, 2017
Decided: December 19, 2017

## <u>ORDER</u>

### *Upon Defendant's Motion to Dismiss*
### GRANTED

Upon consideration of the Motion to Dismiss filed by Defendant Anthony Joseph Mitchell ("Defendant"); the facts, arguments, and legal authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional precedent; and the entire record in this case, the Court hereby finds as follows:

1. On December 27, 2016, Plaintiff Julie Reynolds ("Plaintiff") brought this action against Defendant alleging that she suffered personal injuries as a result of an automobile accident caused by Defendant. Plaintiff is self-represented.

2. On March 7, 2017, Defendant filed Interrogatories and a Request for Production directed to Plaintiff. Plaintiff did not provide any discovery responses.

3.    On April 7, 2017, Defendant filed a Motion to Compel Rule 3(h) Production and Executed Medical and Employment Authorizations. The Motion to Compel was scheduled to be heard by the Court on May 9, 2017 and Plaintiff was given notice to appear. Plaintiff did not respond to Defendant's Motion to Compel and did not appear in court. Accordingly, the Court granted Defendant's Motion to Compel.

4.    Plaintiff did not provide Rule 3(h) documentation or execute employment and medical authorizations pursuant to the Court's May 9, 2017 Order.

5.    On June 29, 2017, Defendant filed a Motion for Rule to Show Cause for Plaintiff's failure to comply with the May 9, 2017 Order. Defendant also filed a Motion to Compel Plaintiff's Answers to Discovery for Plaintiff's failure to provide discovery responses.

6.    The Court heard oral argument on Defendant's Motion for Rule to Show Cause and Defendant's Motion to Compel discovery responses on July 18, 2017. Plaintiff did not respond to either motion and, despite having notice to appear, did not appear in court. Accordingly, the Court granted Defendant's motions and gave Plaintiff twenty days to produce discovery.

7.    Defendant sent the Court's July 18, 2017 Orders to Plaintiff via certified mail on July 19, 2017. On August 16, 2017, the Court's Orders were returned unclaimed to Defendant's counsel.

8. On August 29, 2017, Defense Counsel received a message from Plaintiff's mother requesting that all correspondence to Plaintiff be re-sent to a different address. Defense Counsel complied with this request. However, despite Defense Counsel's efforts to correspond with Plaintiff, Plaintiff has not responded to any of the discovery requests or correspondence.

9. In addition, Plaintiff has not complied with the Court's May 9, 2017 Order or its July 18, 2017 Orders. Plaintiff also failed to comply with the Court's scheduling order dated April 19, 2017, which required Plaintiff to identify experts and file expert reports by September 29, 2017.

10. Thus, the record demonstrates that Plaintiff has not participated in this action since filing her Complaint.

11. On November 2, 2017, Defendant moved to dismiss this action pursuant to Superior Court Rule of Civil Procedure 41(b) ('Rule 41(b)"). By Letter dated November 2, 2017, the Court set a deadline of November 17, 2017 for Plaintiff's response to the Motion to Dismiss and advised Plaintiff that the Court would consider the Motion to Dismiss unopposed if Plaintiff failed to file a response.

12. Plaintiff has not responded to Defendant's Motion to Dismiss or otherwise communicated with the Court or Defense Counsel.

13. Pursuant to Superior Court Rule of Civil Procedure 16, "parties must adhere to the trial judge's scheduling order and conduct discovery 'in an orderly

3

fashion.'"[1] If a party fails to obey the Court's scheduling orders, the Court may impose sanctions, which include the sanction of dismissal.[2] To that end, Rule 41(b) allows a defendant to move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules, or any order of Court."[3]

14. However, because the sanction of dismissal is severe, Courts should only dismiss if a lesser sanction cannot cure the offending conduct.[4] The Court considers six factors when determining the appropriateness of dismissal.[5] These factors are:

(1) the extent of the party's personal responsibility;
(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(3) a history of dilatoriness;
(4) whether the conduct of the party or the attorney was willful or in bad faith;
(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
(6) the meritoriousness of the claim or defense.[6]

15. After consideration of these factors, the Court finds that dismissal is appropriate in this case. Plaintiff has not participated in this action since filing her Complaint, despite the efforts of the Court and Defense Counsel to communicate

---

[1] *Abdullah v. Rago*, 2016 WL 6246891 (Del. Super. Oct. 24, 2016) (citing *Dillulio v. Reece*, 2014 WL 1760318, at *3 (Del. Super. Apr. 23, 2014)).
[2] *Id.*
[3] Super. Ct. Civ. R. 41(b).
[4] *See, e.g. Drejka v. Hitchens Tire Service, Inc.*, 15 A.3d 1221, 1222 (Del. 2010).
[5] *See id.* at 1224.
[6] *Id.*

4

with Plaintiff to obtain a response. Defendant is prejudiced by Plaintiff's failure to comply with the Court's Orders and to provide discovery responses. The Court has been generous in giving Plaintiff opportunities to respond and appear in court, and Plaintiff has failed to do so. In addition, because Plaintiff has been completely absent in this action, the Court finds that a lesser sanction would not cure Plaintiff's conduct.

16. The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[7] However, "[l]itigants, whether represented by counsel or appearing *pro* se, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[8] Indeed, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[9]

17. Therefore, the Court finds that this action must be dismissed with prejudice.

---

[7] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015); *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011) (internal citations omitted); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at *2 (Del. Super. Mar. 28, 2011) (internal citations omitted).
[8] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).
[9] *Id.*

5

**NOW, THEREFORE,** this 19th day of December, 2017, Defendant's Motion to Dismiss is hereby **GRANTED.** Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**