# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

HARRY FISH,               )
          Plaintiff,      )
                          )
     v.                   )          C.A. No.: N16C-08-065 ALR
                          )
MORENZO CONRAD MATTHEW    )
PALMER,                   )
          Defendant.      )

Submitted: October 9, 2018
Decided: November 20, 2018

***Upon Defendant's Motion to Dismiss***
**GRANTED**

## **ORDER**

Upon consideration of the motion to dismiss filed by Defendant Morenzo Conrad Matthew Palmer ("Defendant"); the facts, arguments and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1. On August 8, 2016, Plaintiff Harry Fish ("Plaintiff") brought this action against Defendant alleging that Plaintiff suffered personal injuries as a result of an automobile accident caused by Defendant.

2. On November 2, 2017, Defendant filed Interrogatories and a Request for Production Directed to Plaintiff. No response was received.

3. By Order dated June 26, 2018, the Court granted the motion to withdraw as counsel filed by Plaintiff's counsel.

4.    On August 9, 2018, Defendant sent a letter to Plaintiff as a self-represented litigant, resending Defendant's Interrogatories and Request for Production and advising that responses to discovery were overdue and that responses must be received within twenty (20) days.  No response was received.

5.    On September 19, 2018, Defendant moved to dismiss this action pursuant to Superior Court Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure to prosecute the action.

6.    By Letter dated September 24, 2018, the Court set a deadline of October 8, 2018, for Plaintiff's response to the Motion to Dismiss and advised Plaintiff that the Court would consider the Motion to Dismiss unopposed if Plaintiff failed to file a response.

7.    Plaintiff has not responded to Defendant's Motion to Dismiss or otherwise communicated with the Court or Defendant.

8.    Pursuant to Superior Court Rule of Civil Procedure 16, "parties must adhere to the trial judge's scheduling order and conduct discovery 'in an orderly fashion.'"[1]  If a party fails to obey the Court's scheduling orders, the Court may impose sanctions, which may include the sanction of dismissal.[2]  To that end, Rule

---

[1] *Abdullah v. Rago*, 2016 WL 6246891, at *3 (Del. Super. Oct. 24, 2016) (citing *Dillulio v. Reece*, 2014 WL 1760318, at *3 (Del. Super. Apr. 23, 2014)).
[2] *Id.*

41(b) allows a defendant to move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules, or any order of Court."[3]

9.      However, because the sanction of dismissal is severe, dismissal is appropriate only if a lesser sanction cannot cure the offending conduct.[4]  The Court considers six factors when determining whether dismissal is appropriate:

(1)  the extent of the party's personal responsibility;
(2)  the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(3)  a history of dilatoriness;
(4)  whether the conduct of the party or the attorney was willful or in bad faith;
(5)  the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
(6)  the meritoriousness of the claim or defense.[5]

10.     Upon consideration of these factors, the Court finds that dismissal is appropriate in this case.  Plaintiff has not participated in this action since filing his Complaint, despite the efforts of the Court and Defendant, who is prejudiced by Plaintiff's failure to comply with the Court's Orders and to provide discovery responses.  The Court has been generous in giving Plaintiff opportunities to respond, and Plaintiff has failed to do so.  In addition, because Plaintiff has been completely absent in this action, the Court finds that a lesser sanction would not cure Plaintiff's conduct.

---

[3] Super. Ct. Civ. R. 41(b).
[4] *See, e.g. Drejka v. Hitchens Tire Serv., Inc.*, 15 A.3d 1221, 1222 (Del. 2010).
[5] *Id.* at 1224.

3

11.     The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[6] However "[l]itigants, whether represented by counsel or appearing *pro se*, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[7] Indeed, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[8]

12.     Therefore, the Court finds that this action must be dismissed with prejudice for Plaintiff's failure to cooperate with discovery and failure to participate in the litigation or respond to the motion to dismiss.

**NOW, THEREFORE, this 20th day of November, 2018, Defendant's Motion to Dismiss is hereby GRANTED.  Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

---

[6] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015); *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at *2 (Del. Super. Mar. 28, 2011).
[7] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).
[8] *Id.*