# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILLIAM G. FORREST,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )            C.A. No. N18C-06-084 ALR
                                   )
FRESENIUS KIDNEY CARE,             )
                                   )
            Defendant.             )

Submitted: October 16, 2018
Decided: November 29, 2018

***Upon Defendant's Motion to Dismiss***
**DENIED WITHOUT PREJUDICE**

**ORDER GRANTING DISCOVERY AND
<u>EXTENSION OF TIME FOR AFFIDAVIT OF MERIT</u>**

Upon consideration of the motion to dismiss filed by Defendant Bio-Medical Applications of Delaware, Inc., d/b/a Fresenius Medical Care North Wilmington, sued herein as Fresenius Kidney Care ("Defendant"); the facts, arguments and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1.     On June 14, 2018, Plaintiff William G. Forrest ("Plaintiff") filed a civil lawsuit against Defendant making claims for damages allegedly arising from Plaintiff's dialysis treatment that took place on July 26, 2016, at Defendant's kidney treatment center.

2.     On July 24, 2018, Defendant filed a Motion for a More Definite Statement in the Complaint.

3.     On August 8, 2018, Plaintiff filed a Response to Defendant's Motion for a More Definite Statement in the Complaint, which included a more definite statement of Plaintiff's claims and a request for Defendant to provide Plaintiff's medical records.

4.     The Court directed Defendant to file an answer or otherwise respond no later than September 20, 2018.

5.     Pursuant to Superior Court Rule of Civil Procedure 12(b)(6), Defendant has filed a motion to dismiss Plaintiff's complaint ("Motion to Dismiss") on the grounds that it is a medical malpractice action which must be supported by affidavit(s) of merit filed with the complaint.[1]

6.     The Motion to Dismiss was filed on September 19, 2018.  The Court sent Plaintiff a letter dated September 20, 2018, requesting that a response be filed no later than October 11, 2018.  No response was received.

7.     The statute requiring affidavit(s) of merit to be filed provides for a single 60-day extension of time to file affidavit(s) of merit.[2]

---

[1] 18 *Del. C.* § 6853(a)(1).
[2] 18 *Del. C.* § 6853(a)(2).

8.      Nevertheless, Plaintiff is entitled to the discovery requested in Plaintiff's August 8, 2018 Response to Defendant's Motion for a More Definite Statement in the Complaint. The record is silent regarding whether Defendant has provided the records to Plaintiff.

9.      "Litigants, whether represented by counsel or appearing *pro se*, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[3] Although the Court should not sacrifice order and efficiency to accommodate self-represented litigants, the Court recognizes that some leniency must be afforded in the interest of justice.[4] The sanction of dismissal is severe, and therefore is appropriate only if a lesser sanction cannot cure the offending conduct.[5] Because dismissal is an especially harsh result and because Plaintiff may not have had access to his own medical records which may be necessary for a medical review of prior treatment, justice requires some latitude.

10.      Defendant shall either provide a copy of Plaintiff's medical records to Plaintiff within 30 days or, if the records have already been provided, notify the Court of the date on which the records were provided.

---

[3] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).
[4] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015); *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at *2 (Del. Super. Mar. 28, 2011).
[5] *See, e.g. Drejka v. Hitchens Tire Serv., Inc.*, 15 A.3d 1221, 1222 (Del. 2010).

11.     Plaintiff is hereby granted 60 days to file an affidavit of merit.  That time period shall start to run either on the day of this Order if Plaintiff's medical records have already been provided, or from the date on which Defendant notifies the Court that the records were provided to Plaintiff consistent with this Order.

12.     If Plaintiff does not file an affidavit of merit in support of his medical negligence claim within 60 days of receipt of discovery or the date of this Order, whichever is sooner, this action must and shall be dismissed.

**NOW, THEREFORE, this 29th day of November, 2018, Defendant's Motion to Dismiss is hereby DENIED WITHOUT PREJUDICE.  Defendant shall either provide notice to the Court that medical records have already been provided to Plaintiff or shall provide Plaintiff's own medical records to him within 30 days.  Plaintiff shall file Affidavit(s) of Merit as required by statute within 60 days or this medical negligence case shall be dismissed.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

cc: William G. Forrest

4