# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RICKY PLANTZ,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      C.A. No.: N17C-07-122 ALR
                                       )
WAL-MART STORES EAST LP,               )
                                       )
            Defendant.                 )

Submitted: December 19, 2019
Decided: January 4, 2019

***Upon Defendant's Motion to Dismiss***
**GRANTED**

## ORDER

Upon consideration of the motion to dismiss filed by Defendant Wal-Mart Stores East LP ("Defendant"); the facts, arguments and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1.     On July 15, 2017, Plaintiff Ricky Plantz ("Plaintiff") brought this action against Defendant claiming that Defendant was negligent in its care of the premises at the Wal-Mart store located at 939 N. DuPont Boulevard, Milford, Delaware. Plaintiff alleges that on August 17, 2016, Plaintiff slipped and fell on debris on the floor inside of the store, and as a result, suffered personal injuries.

2. On October 6, 2017, Defendants filed an Answer, Interrogatories, and a Request for Production Directed to Plaintiff. No response to discovery was received.

3. On March 19, 2017, Defendant filed a Notice of Deposition for Plaintiff scheduled for May 11, 2018. Plaintiff's Defense Medical Exam ("DME") was scheduled for May 9, 2018, in order to accommodate Plaintiff's travel to Delaware. Plaintiff failed to appear for both the DME and the deposition as scheduled.

4. On June 21, 2018, Defendant filed a Re-Notice of Deposition for Plaintiff scheduled for August 1, 2018. Plaintiff was also notified that a DME was scheduled that same day. Plaintiff failed to appear as scheduled.

5. On August 8, 2018, Defendant filed a Motion to Compel the deposition of Plaintiff and Motion for Sanctions in connection with expenses incurred by Defendant for the missed deposition and missed DME.

6. On September 14, 2018, following a hearing on Defendant's motion, the Court entered an Order directing Plaintiff to appear for a deposition as scheduled by the parties on October 2, 2018, and a DME on a date to be determined. Plaintiff failed to appear for the deposition as scheduled.

7. By Order dated October 30, 2018, the Court granted the motion to withdraw as counsel filed by Plaintiff's counsel.

8. On December 4, 2018, Defendant moved to dismiss this action pursuant to Superior Court Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure to prosecute the action and failure to comply with an order of the Court.

9. By Letter dated December 4, 2018, the Court set a deadline of December 18, 2018 for Plaintiff's response to the Motion to Dismiss.

10. Plaintiff has not responded Defendant's Motion to Dismiss or otherwise communicated with the Court.

11. Pursuant to Superior Court Rule of Civil Procedure 16, "parties must adhere to the trial judge's scheduling order and conduct discovery 'in an orderly fashion.'"[1] If a party fails to obey the Court's scheduling orders, the Court may impose sanctions, which may include the sanction of dismissal.[2] To that end, Rule 41(b) allows a defendant to move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules, or any order of Court."[3]

12. Because the sanction of dismissal is severe, dismissal is appropriate only if a lesser sanction cannot cure the offending conduct.[4] The Court considers six factors when determining whether dismissal is appropriate:

---

[1] *Abdullah v. Rago*, 2016 WL 6246891, at *3 (Del. Super. Oct. 24, 2016) (citing *Dillulio v. Reece*, 2014 WL 1760318, at *3 (Del. Super. Apr. 23, 2014)).
[2] *Id.*
[3] Super. Ct. Civ. R. 41(b).
[4] *See, e.g. Drejka v. Hitchens Tire Serv., Inc.*, 15 A.3d 1221, 1222 (Del. 2010).

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.[5]

13. Upon consideration of these factors, the Court finds that dismissal is appropriate in this case. Plaintiff has not participated in this action since filing his Complaint, despite the efforts of the Court and Defendant, who is prejudiced by Plaintiff's failure to comply with the Court's Orders. The Court has been generous in giving Plaintiff opportunities to attend depositions and DMEs, and Plaintiff has failed to do so. In addition, because Plaintiff has been completely absent in this action, the Court finds that a lesser sanction would not cure Plaintiff's conduct.

14. The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[6] However "[l]itigants, whether represented by counsel or appearing *pro se*, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[7] Indeed, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court

---

[5] *Id.* at 1224.

[6] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015); *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at *2 (Del. Super. Mar. 28, 2011).

[7] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[8]

15.     Therefore, the Court finds that this action must be dismissed with prejudice for Plaintiff's failure to participate in the litigation.

**NOW, THEREFORE, this 4th day of January, 2019, Defendant's Motion to Dismiss is hereby GRANTED.  Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

cc: Ricky Plantz

---

[8] *Id.*