# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT CANNON, THELMA CANNON, and GERALD CANNON, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. K19C-03-023 CLS |
| RONALD POLIQUIN, ANDRE BEAUREGARD, and BROWN SHEILS & BEAUREGARD, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

Date Submitted: March 6, 2020
Date Decided: March 16, 2020

*Upon Defendant Ronald Poliquin's Motion for Reargument*
**Denied.**

Robert Cannon, *Pro Se* Plaintiff.

Thelma Cannon, *Pro Se* Plaintiff.

Gerald Cannon, *Pro Se* Plaintiff.

Ronald G. Poliquin, Esquire, The Poliquin Firm LLC, Dover, Delaware, Attorney for Defendant Poliquin.

**SCOTT, J.**

1

Before the Court is Defendant Ronald Poliquin's Motion for Reargument brought pursuant to Superior Court Rule of Civil Procedure 59(e). For the following reasons, Defendant's motion is DENIED.

## Background

On March 5, 2020, this Court issued an Order denying Defendant Ronald Poliquin's Motion for Summary Judgment.[1] The Court found that Defendant Poliquin ("Defendant") had not shown that he was entitled to judgment as a matter of law on either of Plaintiffs' claims.[2]

## Defendant's Assertions

On March 6, 2020, Defendant moved for reargument on his motion for summary judgment. Defendant argues that Plaintiffs have the burden of proving their legal malpractice claim by providing evidence of the appropriate standard of care.[3] Defendant further argues that he was not obligated to request expert reports and the identity of expert witnesses from Plaintiffs.

---

[1] *Cannon v. Poliquin*, 2020 WL 1076051 (Del. Super. Mar. 5, 2020).

[2] *Id.* at *1–2.

[3] At the outset, the Court notes that Defendant misquotes *Ruthenberg v. Kimmel & Spiller, P.A.* as saying that the plaintiff has the "burden of proof to demonstrate the standard of practice." Def.'s Mot. Reargument ¶ 4–5. The *Ruthenberg* case does not say this. *See Ruthenberg v. Kimmel & Spiller, P.A.*, 1981 WL 383091, at *2 (Del. Super. Mar. 17, 1981) ("It is true that in an action for legal malpractice, expert testimony of lawyers is *usually* necessary to establish the standard of care, skill and diligence which is commonly possessed and exercises by a 'reasonably prudent' attorney in this community under the circumstances." (emphasis added)).

2

## Standard of Review

On a Motion for Reargument under Superior Court Rule of Civil Procedure 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[4] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[5] A Motion for Reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[6] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[7] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[8]

## Discussion

The Court has not overlooked controlling precedent or legal principles nor has the Court misapprehended the law or the facts. Defendant has not demonstrated

---

[4] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).

[5] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

[6] *Kennedy*, 2006 WL 488590, at *1.

[7] *Brenner*, 2000 WL 972649, at *1.

[8] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017).

3

newly discovered evidence, a change in the law, or manifest injustice. Finally, much of Defendant's motion for reargument rehashes his argument from his two-page motion for summary judgment.[9] Accordingly, Defendant's motion for reargument must be denied.

## A. Standard for a Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.[10] Upon reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.[11] Because granting a motion for summary judgment usually takes a case away from the jury, the burden upon the moving party is purposefully high.

Plaintiffs' Complaint alleges two claims against Defendant: Fraudulent Inducement of Contract and Legal Malpractice.[12] Defendant's motion for summary judgment argued that he was entitled to judgment as a matter of law because

---

[9] *Compare* Def.'s Mot. Reargument ¶¶ 2, 4–5, 8 (alleging that legal malpractice claims require expert reports), 14–17 (demonstrating that Plaintiffs failed to disclose an expert by the deadline in the Trial Scheduling Order) *with* Def.'s Mot. Summ. J. ¶¶ 2 (demonstrating that Plaintiffs failed to disclose an expert by the deadline in the Trial Scheduling Order), 3 (alleging that legal malpractice claims require expert reports).

[10] Super. Ct. Civ. R. 56(c).

[11] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).

[12] Verified Compl. 10–11.

4

Plaintiffs failed to identify an expert witness by the deadline in the Trial Scheduling Order.[13] This argument addressed only Plaintiffs' legal malpractice claim and not Plaintiffs' fraudulent inducement claim. Despite the fact that his argument only addressed half of Plaintiffs' claims, Defendant argued that he was entitled to judgment as a matter of law on Plaintiffs' entire case.[14] Defendant is not so entitled.

Additionally, Defendant failed to show that there are no genuine disputes of material fact. Defendant's Answer to Plaintiffs' Complaint denies several material facts, such as: a) Defendant denies that he stole client's $3,000 retainer fee;[15] b) Defendant denies that he sent Plaintiffs a six-page Complaint on December 7, 2017 that did not allege claims Defendant promised he would allege;[16] and c) Defendant denies that Plaintiffs ultimately drafted the Complaint that was filed with Chancery Court.[17] The Court must view the facts in a light most favorable to Plaintiffs.[18] Upon viewing the facts in the Complaint in this light, it is clear that there are still genuine disputes of material facts.

Finally, in its decision denying summary judgment in this case this Court did not decide whether or not Plaintiffs need an expert witness to prove their prima facie

---

[13] Def.'s Mot. Summ. J.
[14] Def.'s Mot. Summ. J. ¶¶ 2–3.
[15] Answer ¶ 45, Apr. 2, 2019.
[16] Answer ¶ 59, Apr. 2, 2019.
[17] Answer ¶ 78–79, Apr. 2, 2019.
[18] *Infante*, 2019 WL 3992101, at *1.

5

case.[19] Unlike previous cases of legal malpractice, Plaintiffs allege intentional or reckless misconduct—not negligence.[20] While expert testimony is normally required for legal malpractice claims, expert testimony is not required when the attorney's mistakes are obvious.[21] The Court declined to rule on whether or not the exception for "obvious mistakes" applies to claims of legal malpractice that allege intentional or reckless misconduct.

Defendant failed to meet the requirements for this Court to grant his motion for summary judgment. Defendant's motion for reargument does not cure the deficiencies in Defendant's original motion for summary judgment. Defendant has presented the Court with no new arguments nor has Defendant shown that the Court erred in applying the well-defined standard of review for a motion for summary judgment.

## B.    Civil Discovery Practice in Delaware

The Delaware Supreme Court has recently outlined the proper manner in which Delaware attorneys are to conduct discovery. First, in *Drejka v. Hitchens Tire Service, Inc.*,[22] the Delaware Supreme Court provided courts with six factors to use

---

[19] *Cannon*, 2020 WL 1076051 at *1.
[20] *Id.*
[21] *Id.* (citing *Lorenzetti v. Enterline*, 2012 WL 1383186, at *2 (Del. Apr. 18, 2012); *Weaver v. Lukoff*, 1986 WL 17121, at *1 (Del. July 1, 1986)).
[22] *Drejka v. Hitchens Tire Service, Inc.*, 15 A.3d 1221 (Del. 2010).

6

to determine if discovery violations warrant dismissing a case.[23] Those six factors are: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.[24]

In *Christian v. Counseling Resource Associates, Inc.*,[25] the Delaware Supreme Court refined the manner in which courts apply the *Drejka* factors.[26] In *Christian*, the Supreme Court noted that trial scheduling orders are issued a year or more before the trial date and acknowledged that courts normally have little involvement in a case until shortly before trial.[27] The Supreme Court acknowledged that trial scheduling orders work well in cases where the parties strictly adhere to the discovery deadlines.[28] Problems develop, however, when attorneys grant their own extensions on discovery deadlines without coming to the court.[29] To avoid potential

---

[23] *Id.* at 1224. The Supreme Court noted that "the sanction of dismissal is severe" and that courts have been "reluctant to apply it except as a last resort." *Id.*
[24] *Id.*
[25] *Christian v. Counseling Resource Associates, Inc.*, 60 A.3d 1083 (Del. 2013).
[26] *Id.* at 1087–88.
[27] *Id.* at 1087.
[28] *Id.*
[29] *Id.* at 1087–88. The Supreme Court aptly described the problem:
> In Delaware, where civility is a cherished value, attorneys are likely to grant their own extensions to opposing counsel without "bothering" the trial court. That practice is commendable, and fosters good will. But

discovery problems, the Supreme Court advised litigants that "if they act without court approval, they do so at their own risk."[30] If a party misses a discovery deadline, opposing counsel has two choices: a) resolve the matter informally or b) promptly notify the court.[31] If opposing counsel contacts the court—either by a motion to compel, a proposal to amend the scheduling order, or a request for conference—then the court will remedy the problem in a timely manner.[32] The Supreme Court cautioned those attorneys who would choose to resolve the matter informally:

> If the party chooses not to involve the court, that party will be deemed to have *waived* the right to contest any late filings by opposing counsel from that time forward. There will be no motions to compel, motions for sanctions, motions to preclude evidence, or motions to continue the trial. It is entirely possible, under this scenario, that some vital discovery will not be produced until the day before trial. Still, the party prejudiced by the delay *accepts that risk* by failing to promptly alert the trial court when the first discovery deadline passes.[33]

While the Supreme Court acknowledged that this change would increase motion practice, it also noted that these motions would serve an important purpose: preserving the trial date and avoiding ill will.[34]

---

it also leads to the predicament that occurred here. The [defendant] kept making accommodations until they ran out of time.
*Id.*
[30] *Id.* at 1088.
[31] *Id.*
[32] *Id.*
[33] *Id.* (emphasis added).
[34] *Id.*

In the instant case, Defendant should not have moved for summary judgment based on Plaintiffs' failure to disclose an expert witness. After Plaintiffs did not disclose an expert witness by the deadline in the Trial Scheduling Order, Defendant did not move to compel Plaintiffs to do so. Instead, Defendant waited four months to tell the Court that Plaintiffs missed a discovery deadline.[35] And rather than notify the Court of Plaintiffs' inaction through a motion to compel, a proposal to amend the scheduling order, or a request for conference,[36] Defendant chose to use Plaintiffs failure to identify an expert as a weapon.[37] As this Court has already noted: "Pre-trial discovery, as we all know, is meant to eliminate or discourage trial-by-ambush. Yet, to file a summary judgment motion without the requisite motion to compel is exactly that."[38]

As this Court's precedent shows, a proper discovery request or a motion to compel is a prerequisite to granting a motion for summary judgment for a failure to

---

[35] The deadline for Plaintiffs to produce expert reports was September 18, 2019. Trial Scheduling Order, June 6, 2019. Defendant filed his motion for summary judgment on January 29, 2020. Def.'s Mot. Summ. J.

[36] *See Christian*, 60 A.3d at 1088 ("If counsel contacts the court, that contact can take the form of a motion to compel, a proposal to amend the scheduling order, or a request for a conference. Any one of these approaches will alert the trial court to the fact that discovery is not proceeding smoothly.").

[37] Defendant filed a motion for summary judgment based solely on Plaintiffs' failure to disclose an expert witness. Def.'s Mot. Summ. J.

[38] *Tsakalas v. Hicks*, 2013 WL 749317, at *5 (Del. Super. Feb. 22, 2013) (denying the defendants' motion for summary judgment after the defendants failed to move to compel discovery of the plaintiffs' medical report).

comply with a discovery deadline. The Court already advised Defendant of this prerequisite in its decision on Defendant's Motion for Summary Judgment when the Court cited *Bailey v. Commercial Joint Ventures, LLC.*[39] In *Bailey*, this Court found that a plaintiff cannot prevail after a defendant moves for summary judgment if "after a *proper discovery request* from the defendant under Civil Rule 26(b)(4), the plaintiff does not fulfill her discovery obligations under that Rule."[40] Additionally, in *Stephenson v. Big Oaks Trailer Park, Inc.*, this Court denied the defendant's motion for summary judgment because defendant failed to move to compel discovery of expert reports that the plaintiffs had failed to produce by the discovery deadline.[41]

To prevail on a motion for summary judgment for Plaintiffs' failure to identify an expert witness, Defendant must have tried to obtain this information through the proper discovery channels;[42] Defendant did not do so. Therefore, this Court correctly denied Defendant's motion for summary judgment.

---

[39] *Cannon*, 2020 WL 1076051, at *2 n.9.

[40] *Bailey v. Commercial Joint Ventures, LLC*, 2013 WL 5492544, at *2 (Del. Super. Sept. 30, 2013) (emphasis added).

[41] *Stephenson v. Big Oaks Trailer Park, Inc.*, 2019 WL 4273809, at *3 (Del. Super. Sept. 10, 2019) ("Although Plaintiffs failed to comply with the Trial Scheduling Order, Defendant also failed to move to compel submission of these expert reports . . . [D]ismissing Plaintiffs' claims because of counsel's failure to comply with the Trial Scheduling Order is a broader remedy than is required.").

[42] *Christian*, 60 A.3d at 1087–88; *Dillulio v. Reece*, 2014 WL 1760318, at *5 (Del. Super. Apr. 23, 2014) (finding that counsel should have taken prompt action to

## Conclusion

The Court's decision on Defendant's Motion for Summary Judgment did not overlook controlling precedent or legal principles; rather, this Court's decision was in-line with recent Supreme Court precedent on discovery practice in Delaware and prior decisions of this Court. Defendant has failed to meet his burden of proof. Accordingly, Defendant's Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

involve the Court when discovery was not forthcoming); *Bailey*, 2013 WL 5492544, at *2; *Tsakalas*, 2013 WL 749317, at *5.