# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES C. MCCULLEY IV, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No: S22C-01-019 MHC |
| | ) | |
| ROBERT L. THORNTON, | ) | |
| MICHAEL CALABRESE, GINO | ) | |
| SABATINI, SILVERSTOCK WP, | ) | |
| LLC, AND SILVERSTOCK | ) | |
| BUILDERS, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Submitted: August 4, 2023
Decided: August 16, 2023

*Upon Consideration of Defendants' Motion to Bar Expert Witness,*
**GRANTED.**


William J. Rhodunda, Jr., Esquire, Rhodunda, Williams, and Kondraschow, Wilmington, Delaware, *Attorney for Plaintiff.*

Jeffrey M. Weiner, Esquire, The Law Offices of Jeffrey M. Weiner, PA, Wilmington, Delaware, *Attorney for Defendants.*


**CONNER, J.**

Before the Court on this 16th day of August 2023, is Defendants' Motion to Bar Plaintiff from Calling Robert Sipple as an Expert Witness (the "Motion"). The Court hereby finds as follows:

1. After receiving input from the parties, a pretrial scheduling order was entered on August 1, 2022. That order made it clear that no deadline could be extended without prior approval from this Court. The order provided that Plaintiff shall identify and produce all expert witnesses and reports to Defendants by February 1, 2023, and Defendants shall do the same by June 1, 2023.

2. Plaintiff's February 1, 2023, deadline came and went without Plaintiff producing any expert reports. By not providing an expert, Plaintiff made it clear he wished to establish his claim for damages via his own calculations and records. Plaintiff claims to be entitled to 10% of the profits obtained on Defendants' project.

3. Defendants provided their expert reports in a timely manner. One of Defendants' experts, Geoff Langdon, opined it was not possible to verify Plaintiff's claim of damages due to a lack of records. Mr. Langdon further determined that Plaintiff's net income remained relatively unchanged from the time he was working with Defendants through the time he stopped working with Defendants.

4. On June 30, 2023, Plaintiff produced to Defendants an expert report prepared by Robert Sipple.[1] In that report, Mr. Sipple opined that Plaintiff's role in Defendants' project was akin to a "Development Advisor/Consultant." Mr. Sipple also stated the generally accepted standard percentage fee of a person in a similar role to Plaintiff is 3% and that percentage has remained the same for the past 15 years.

5. Plaintiff claims that after reviewing Defendants' expert report and the evolution of discovery in this matter that an expert of his own has become essential to establish damages. Plaintiff also claims Mr. Sipple's report is in rebuttal to Mr. Langdon's report.

6. Plaintiff cites to three cases to support his argument that his newly provided expert should be permitted to testify.[2] Overall, the cases Plaintiff cites to state exclusion of expert reports is a harsh and rarely employed sanction, especially when other options, such as fines, are available. However, each of these cases can be distinguished from the matter at hand. In all of the cases Plaintiff cited, an expert was needed to establish liability, whereas here, an expert is not needed to establish damages. Plaintiff is able to present his case using his own calculations and records for damages as originally planned.

---

[1] Plaintiff produced this report via email and did not file a certificate of service with the Court.
[2] *See Drejka v. Hitchens Tire Service Inc.*, 15 A.3d 1221 (Del. 2010); *Dickenson v. Sopa*, 2013 WL 3482014 (Del. Super. June 20, 2013), *aff'd,* 83 A.3d 737 (Del. 2013); *Christian v. Counseling Res. Associates, Inc.*, 60 A.3d 1083 (Del. 2013).

7. The Delaware Supreme Court has identified six factors to balance when determining a sanction for discovery violations:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[3]

Based upon all of Plaintiff's submissions, it is clear to the Court that Plaintiff had originally intended to prove his case for damages via his own records and calculations. It seems that after Plaintiff reviewed Defendants' expert report, Plaintiff determined his personal damages calculations might be more challenging to present to a jury, and he should instead proceed with an expert of his own. During oral argument the Court expressed concern that Plaintiff's expert was identified long after the deadline. To get around this issue, Plaintiff attempts to argue that his expert was not presenting a new theory of damages but was instead offering a rebuttal opinion to Defendants' expert. After reviewing each of the expert reports, it is clear to the Court that Plaintiff is not offering his expert as a rebuttal but is instead presenting an entirely new theory of the case, different than his original claim for damages in his Complaint.

---

[3] *Drejka*, 15 A.3d at 1224.

8. Plaintiff presented his theory of the case starting on January 27, 2022, and cannot attempt to change it after reviewing Defendants' expert report eighteen months later. Additionally, as this case has been heavily litigated, the Court is aware of Plaintiff's counsel's dilatoriness requesting discovery and responding to discovery. Furthermore, allowing Plaintiff's expert to testify would cause delay. Defendants would need the opportunity to produce expert rebuttal and then take additional depositions. Plaintiff has also motioned the Court to extend deadlines. The motion has been granted in part. However, if the Court permitted Plaintiff to use Robert Sipple at this time in the litigation it would cause a major disruption with the dispositive motions deadline likely affecting the trial date. Although it appears none of Plaintiff's actions were done in bad faith, it remains clear that Plaintiff long missed his deadline and wished to backtrack after Defendants submitted their expert report.

9. Not allowing Plaintiff's expert to testify does not equate to a default judgment. Again, Plaintiff remains able to present his theory of damages through his testimony. Finally, even though Plaintiff may not personally be at fault for determining the best method to prove his case, the other factors weigh against allowing Plaintiff's expert to testify.

10. It is well settled in Delaware that this Court has discretion to resolve scheduling issues and control its docket.[4] The Court cannot allow Plaintiff to ignore clear pretrial scheduling order deadlines in an effort to change his theory of the case. The deadline for Plaintiff to submit an expert report came five months before Plaintiff decided to provide one. Plaintiff has failed to provide any compelling reason as to why the deadline was missed by such an extensive amount of time. Accordingly, Defendants' Motion to Bar Plaintiff from Calling Robert Sipple as an Expert Witness is **GRANTED.**

   **IT IS SO ORDERED.**

/s/ *Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary

---

[4] *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1107 (Del. 2006).