# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES P. KALIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-12-073 CLS |
| DONALD J. KALIL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: March 31, 2026
Date Decided: June 8, 2026

*Upon Consideration of Defendant Donald J. Kalil's Motion for Judgment on the Pleadings*, **DENIED.**

*Upon consideration of Pro se Plaintiff James P. Kalil's Cross-Motion for Judgment on the Pleadings*, **DENIED.**

*Upon consideration of Pro se Plaintiff James P. Kalil's Motion for Default Judgment*, **DENIED.**

## ORDER

James P. Kalil, *Pro se Plaintiff*.

Sean J. Bellew, Esquire of BELLEW LAW, LLC, *Attorney for Defendant*.

**SCOTT, J.**

Having considered Defendant Donald J. Kalil's ("Defendant") Motion for Judgment on the Pleadings,[1] pro se Plaintiff James P. Kalil's ("Plaintiff") Response in Opposition and Cross-Motion for Judgment on the Pleadings,[2] and Plaintiff's Motion for Default Judgment,[3] it appears to the Court that:

1. This action stems from the purported disappearance of Plaintiff's pension.[4] On December 10, 2024, Plaintiff filed a Complaint alleging that Defendant was negligent and breached fiduciary duties under the Employment Retirement Income Security Act of 1974 ("ERISA").[5] Plaintiff alleges that Defendant mismanaged the pension funds as the president of the company where Plaintiff earned the pension.[6]

2. Plaintiff asserts that the pension was earned at Compu-Val Investments, which Plaintiff and Defendant owned together until Plaintiff left the company in 1996.[7] On November 23, 2000, Plaintiff and Defendant signed a General Release whereby Plaintiff released any and all claims "occurring or related directly or indirectly to [Plaintiff's] employment with Compu-Val Investments for $43,750.00.[8]

---

[1] Def.'s Mot. for J. on the Pleadings, D.I. 31 "Mot. for J. on the Pleadings").
[2] Pl.'s Resp. in Opp. to Mot. for J. on the Pleadings and Cross-Mot. for J. on the Pleadings, D.I. 32 ("Pl.'s Resp.").
[3] Pl.'s Mot. for Default J., D.I. 37.
[4] *See generally* Compl., D.I. 1.
[5] *Id.*
[6] *Id.*
[7] *Id.* ¶ 5.
[8] Mot. for J. on the Pleadings ¶ 7, Ex. A.

3. Plaintiff further alleges that in January 2023, he discovered his pension from Compu-Val was missing when he received a letter from the Social Security Administration ("SSA") that he "MAY be entitled to some retirement benefits from a private employer" for the years 1996 and 1999.[9] The employer and plan administrators listed on the letter from the SSA are Compu-Val Investments Inc. for 1996 and Affinity Wealth Management, Inc. 401K Profit Sharing Plan for 1999.[10]

4. Plaintiff retained counsel to claim the pension benefits referred to in the SSA letter.[11] On June 8, 2023, counsel for Plaintiff sent Defendant a letter asking for any pension plan materials related to Plaintiff's claim for pension benefits.[12] On June 23, 2023, Defendant responded that he no longer had access to the records requested because he sold Compu-Val Investments.[13]

5. On March 9, 2026, Defendant filed a Motion for Judgment on the Pleadings.[14] Plaintiff filed a Response in Opposition and Cross-Motion for Judgment on the Pleadings on March 31, 2026.[15] In addition, on May 11, 2026, Plaintiff filed a Motion for Default Judgment.[16]

---

[9] Compl. ¶¶ 6–7, Exs. 1, 2.
[10] *Id.* at Exs. 1, 2.
[11] *Id.* at Ex. 3.
[12] *Id.*
[13] *Id.* at Ex. 4.
[14] *See generally* Mot. for J. on the Pleadings.
[15] *See generally* Pl.'s Resp.
[16] *See generally* Pl.'s Mot. for Default J.

6. Under Superior Court Civil Rule 12(c), "any party may move for judgment on the pleadings." "In resolving a Rule 12(c) motion, the Court accepts the truth of all well-pleaded facts and draws all reasonable factual inferences in favor of the non-movant."[17] The standard of review on a motion for judgment on the pleadings tracks the standard for a motion to dismiss under Rule 12(b)(6).[18] Accordingly, "[t]he Court will not grant judgment on the pleadings unless, after drawing all reasonable inferences in favor of the non-moving party, no material issues of fact exists and movant is entitled to judgment as a matter of law."[19]

7. Defendant argues that Plaintiff is barred from asserting any claims relating to the pension he obtained through employment at Compu-Val because the "entire matter is governed by [the November 23, 2000] General Release[.]"[20] According to Defendant, the only claim Plaintiff may assert is a breach of the General Release, which is barred by the three-year statute of limitations for breach of contract.[21]

---

[17] *Fortis Advisors LLC v. Boston Dynamics Inc.*, 2025 WL 1356521, at *3 (Del. Super. Apr. 29, 2025) (citing *D'Antonio v. Wesley Coll., Inc.*, 2023 WL 9021767, at *2 (Del. Super. Dec. 29, 2023)).

[18] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014) (quoting *Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012)).

[19] *Four Cents Hldgs., LLC v. M&E Printing, Inc.*, 2025 WL 2366460, at *4 (Del. Super. Aug. 12, 2025) (citing *Ford Motor Co. v. Earthbound, LLC*, 2024 WL 3067114, at *7 (Del. Super. June 5, 2024)).

[20] Mot. for J. on the Pleadings ¶¶ 7–9.

[21] *Id.*

8. On the other hand, while Plaintiff does not dispute the existence and validity of the General Release, he argues that ERISA's anti-alienation provision, which preempts Delaware contract law, renders the General Release void as to the vested pension assets referenced in the SSA letter.[22]

9. The Court concludes that genuine issues of material fact exist regarding the pension plan at issue, and the extent to which ERISA or the General Release apply to Plaintiff's claims. Neither party provided the terms of the pension plan or 401k plan listed in the SSA letter, the alleged pension is not expressly mentioned in the General Release, and the Court is unaware of the circumstances surrounding the existence of the General Release. Consequently, judgment on the pleadings is not suitable here absent a further developed factual record.

10. Next, Plaintiff argues that he is entitled to default judgment under Superior Court Civil Rule 37(b)(2)(C) because Defendant neither participated in submitting the pre-trial stipulation nor appeared at the pre-trial conference scheduled for May 4, 2026, in violation of Superior Court Civil Rule 16(f).[23]

---

[22] Pl.'s Resp. ¶¶ 1–3. Plaintiff's response and cross-motion appears to argue that the General Release cannot bar claims for fraud. *Id.* ¶ 5. Because the Complaint does not assert a claim for fraud, the Court will not consider any arguments absent in Plaintiff's cross-motion pertaining to such allegations. *See Kim v. FemtoMetrix, Inc.*, 2025 WL 2300402, at *8 (Del. Ch. Aug. 8, 2025) (quoting *Cal. Pub. Emps.' Ret. Sys. V. Coulter*, 2002 WL 31888343, at *12 (Del. Ch. Dec. 18, 2002)) (stating that "[a]rguments in briefs do not serve to amend the pleadings") (internal quotation marks omitted).

[23] *See generally* Mot. for Default J.

11. Under Superior Court Civil Rules 16(f) and 37(b)(2)(C), the Court may enter default judgment if a party fails to obey a scheduling or pretrial order.

1. "The sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[24] The Delaware Supreme Court has instructed trial courts to consider the following factors in a considering a severe sanction such as default judgment:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[25]

12. Plaintiff is not entitled to default judgment. First, Defendant is responsible for submitting a pre-trial stipulation and attending the pre-trial conference. Next, the Court finds that Defendant's actions were not prejudicial because the Court had another trial going forward that was scheduled at the same time as this case, and the parties' cross-motions for judgment on the pleadings were pending at the time of the pre-trial conference. For this same reason, the Court finds that Defendant has not acted willfully or in bad faith. Neither party has a history of dilatoriness. The Court does not find that any sanction is necessary here. Finally, after reviewing the General

---

[24] *Helmick v. Miller*, 2012 WL 2833057, at *1 (Del. Super. June 13, 2012) (quoting *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008)) (internal quotation marks omitted).
[25] *Drejka v. Hitchens Tire Service Inc.*, 15 A.3d 1221, 1224 (Del. 2010) (quoting *Minna v. Energy Coal S.p.A.*, 984 A.2d 1210, 1215 (Del. 2009)) (internal quotation marks omitted).

Release, Defendant's defense has some merit. Thus, in the Court's view, it is inappropriate to award Plaintiff default judgment under the circumstances of this case.

13. In conclusion, for the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is **DENIED**, Plaintiff's Cross-Motion for Judgment on the Pleadings is **DENIED**, and Plaintiff's Motion for Default Judgment is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.