**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

PERMEAH SWEN,　　　　　　　　　)
A.B. a minor, B.H., a minor,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　　)　　C.A. No.  N23C-04-131 PAW
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
JAMES DAVIS MILLER,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　)

Submitted: October 28, 2024
Decided: November 27, 2024

**<u>MEMORANDUM OPINION AND ORDER</u>**

*Upon Consideration of Defendant's Renewed Motion to Dismiss;*

**GRANTED**.

**WINSTON, J.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury action arising from a motor vehicle accident on July 4, 2021.[1] Plaintiff Permeah Swen ("Plaintiff Swen") was driving a 2020 BMW X3 with her two children, minors A.B. and B.H. (together with Plaintiff Swen, the "Plaintiffs"), when her vehicle was rear-ended by Mr. Miller.[2] Plaintiff Swen filed a Complaint on March 2, 2023, in the Court of Common Pleas of the State of Delaware.[3] Defendant James Davis Miller answered the Complaint and demanded a jury trial, and, accordingly, the matter was transferred to this Court in April of 2023.[4]

On August 16, 2023, this Court issued the first Trial Scheduling Order.[5] Among other deadlines, the Trial Scheduling Order set the Plaintiffs' expert report deadline for October 10, 2023.[6]

Thereafter the case was replete with Plaintiffs' repeated failures to comply with their obligations, even though the Court made multiple efforts to explain those obligations and advise them of the consequences of a failure to do so. The following

---

[1] Docket Item ("D.I.") 1.

[2] *Id*.

[3] *Id*.

[4] *Id*.

[5] D.I. 2.

[6] *Id*.

2

summarizes the progress (or the lack thereof) of the matter after its reassignment to this Court:

- October 17, 2023, Defendant moved to dismiss the Complaint for failure to state a claim upon which relief could be granted.[7] In response, Plaintiff Swen requested an extension for submission of her expert reports to gather necessary medical records, payments, and billing records and to secure counsel for this matter.[8] Plaintiff Swen represented that her request was unopposed by Defendant.[9] On October 22, 2023, the Court granted Plaintiff's first request for an extension as unopposed and provided Plaintiff an additional 45 days beginning on October 23, 2023.[10] Defendant clarified his position and requested the Court order a briefing schedule for his pending Motion to Dismiss.[11]

- After briefing was complete, the Court heard oral argument on Defendant's Motion to Dismiss.[12] At that time, Plaintiff Swen disclosed that, contrary to her earlier representations, she was unable to retain an expert and sought an extension of time to procure an expert report. Plaintiffs were also unable to secure counsel. On March 26, 2024, the Court denied Defendant's Motion to Dismiss and directed Plaintiffs to file an amended complaint within 15 days.[13] The Court also ordered the parties to meet and confer regarding Plaintiffs' outstanding discovery responses. The Court also reminded Plaintiff Swen of her discovery obligations given that the parties were four months away from trial. Despite the Court's March 26, 2024 Order directing Plaintiffs to file an amended complaint, they failed to do so.

- On April 18, 2024, Defendant filed a Motion to Compel seeking responses to outstanding Interrogatories, Requests for the Production of Documents, and

---

[7] D.I. 4.

[8] D.I. 6.

[9] *Id*.

[10] D.I. 7.

[11] D.I. 8.

[12] D.I. 26.

[13] D.I. 26.

expert disclosures.[14]  On April 29, 2024 the Court ordered Plaintiffs to respond by May 8, 2024 and informed them that failure to respond by the deadline may result in the Court granting the Motion to Compel as unopposed.[15]  Plaintiff filed her answers to Form 30 Interrogatories five days after the Court ordered deadline but did not file a response to the Motion.[16]  A hearing was held on May 15, 2024, in which the Court granted Defendant's Motion to Compel.[17]

- On May 22, 2024, Defendant filed a Motion to Dismiss for Failure to Prosecute.[18]  Defendant noted Plaintiffs' continual failure to adhere to the Court's orders to amend the Complaint and produce discovery responses.  In accordance with the Trial Scheduling Order, on May 31, 2024, Defendant submitted pretrial papers, but without any contribution from Plaintiffs by the required deadline.[19]

- On June 10, 2024, the Court issued a letter which noted that the parties had not attempted to complete good faith mediation as ordered in the August 16 Trial Scheduling Order.[20]  Accordingly, the Court ordered the parties to complete a good faith mediation before July 1, 2024, and postponed the July 25, 2024 trial.[21]

- Mediation was ultimately unsuccessful.[22]  Accordingly, on June 20, 2024, the Court issued a letter ordering Plaintiffs to respond to the Motion to Dismiss by June 28, 2024.[23]  On June 26, 2024, Plaintiff Swen requested another

---

[14] D.I. 27.

[15] D.I. 29.

[16] D.I. 30.

[17] D.I. 31; D.I. 32.

[18] D.I. 34.

[19] D.I. 41.

[20] D.I. 43.

[21] *Id*.

[22] D.I. 46.

[23] D.I. 47.

extension to produce her expert report and discovery.[24]  Plaintiff Swen later filed an untimely response to the Motion to Dismiss, in which she renewed her request for an extension.[25]

- The Court held a scheduling conference on July 29, 2024.[26]  At the parties' scheduling conference, Plaintiff Swen conceded that no advancement had been made to *obtain* an expert.  The Court advised Plaintiff Swen that her case would not go to trial without an expert witness.  The Court issued an Amended Trial Scheduling Order the following day, in which the Court set the deadline for the pre-trial stipulation as September 2, 2024.[27]  Trial was set to begin on January 13, 2025.[28]

- On September 24, 2024, the Court heard oral argument on Defendant's Motion to Dismiss.  Plaintiff Swen again conceded she still had not filed an amended complaint, secured an expert witness for trial, or produced expert disclosures.  In denying the Motion to Dismiss, the Court warned Plaintiff Swen that her further dilatory action, including failing to amend the Complaint, secure an expert witness, and produce expert disclosures, would subject Plaintiffs to dismissal of their claims.  The Court directed Plaintiff Swen to file an amended complaint by October 1, 2024, and to submit the necessary expert disclosures by October 8, 2024.[29]

  Despite the Court's October 1, 2024, order directing Plaintiff Swen to file an amended complaint, she failed to do so.  Defendant renewed his Motion to Dismiss for failure to prosecute.[30]  The Court would have been justified in dismissing the matter for failure to prosecute at this juncture.  Nonetheless, the Court decided to give Plaintiffs another chance.  Accordingly, the Court entered an order directing Plaintiffs to show cause why this case should not

---

[24] D.I. 50.

[25] D.I. 53.

[26] D.I. 55.

[27] D.I. 56.

[28] D.I. 56.

[29] D.I. 59.

[30] D.I. 60.

be dismissed.[31] Plaintiffs were ordered to show cause within seven business days of the order as to why they failed to meet the October 1, 2024, amended complaint deadline and the October 8, 2024, expert deadline.[32]

- On October 28, 2024, Plaintiffs filed a notice of service of discovery, an expert report for one of the minor plaintiffs, and their motion for continuance.[33] Plaintiff Swen advised that she was unable to proceed and sought a 120-day extension. She disclosed "significant personal difficulties," including lack of custody of one of the minor plaintiffs.[34] Plaintiff Swen has otherwise not filed a response to the Court's order to show cause and has still not filed an amended complaint.

## II.    ANALYSIS

The Court has "discretion to resolve scheduling issues and to control its own docket."[35] Superior Court Civil Rule 16 provides that parties must adhere to the trial judge's scheduling order and conduct discovery "in an orderly fashion."[36] A parties' failure to comply with a scheduling order permits the Court to impose appropriate sanctions.[37] Among the various sanctions available to the Court is the sanction of dismissal.[38] The Court, however, does not have unfettered discretion to sanction a

---

[31] D.I. 61.

[32] *Id*.

[33] D.I. 64.

[34] *Id*.

[35] *Sammons v. Doctors for Emergency Servs., P.A.*, 913 A.2d 519, 528 (Del. 2006).

[36] Del. Super. Ct. Rule 16.

[37] *Dillulio v. Reece*, 2014 WL 1760318 at *3 (Del. Super. Apr. 23, 2014).

[38] *Abdallah v. Rago*, 2016 WL 6246891 at *3 (Del. Super. Oct. 24, 2016).

6

party by dismissing the case; the "sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[39]

Delaware Superior Court Civil Rule 41(b) states that "for failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant."[40] However, a case should not be dismissed before trial because of a failure to obey a scheduling order when the prejudice caused by the offending conduct can be cured by a lesser sanction.[41] Accordingly, the Court must consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the merits of the claim or defense.[42]

After considering these factors, the Court finds dismissal appropriate in this case. The delay here is solely attributable to Plaintiffs. There is prejudice to the Defendant, who is just as entitled as Plaintiffs to have these claims resolved in a timely fashion. Defendant is also prejudiced by Plaintiffs' failure to comply with

---

[39] *Id*. (citing *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008)).

[40] Del. Super. Ct. Rule 41(b).

[41] *Abdallah*, 2016 WL 6246891 at *3.

[42] *Id*. (citing *Drejka v. Hitchens Tire Serv., Inc.*, 15 A.3d 1221 (Del. 2010); *Christian v. Counseling Resource Assoc., Inc.*, 60 A.3d 1083 (Del. 2013)).

the Court's orders and provide expert disclosures. [43]  The record here is replete with delays and defaults by Plaintiff Swen, and the Court has been generous in allowing her multiple chances to diligently prepare her case.  The Court also warned Plaintiffs on September 24, 2024, that any further dilatory action, including failing to amend the Complaint and secure her experts for trial, would subject her claims to dismissal.[44]

The Court finds that no sanction less than dismissal will be adequate.  The Court has inherent power to dismiss an action for failure to prosecute or failure to comply with a scheduling order to "manage its own affairs and to achieve the orderly and expeditious disposition of its business,"[45] and it will do so here.  The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[46]  However, all litigants—self-represented or not—must diligently prepare their case for trial or risk dismissal for failure to prosecute.[47]  Indeed, this Court has no different set of rules for self-

---

[43] *See* D.I. 60 ("[T]he Defendant's costs have continued to increase to try to bring this case to a close.  The interests of the Defendant have to be considered as well.").

[44] D.I. 59.

[45] *Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2d 157, 159 (Del. 1970).

[46] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015).

[47] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

represented litigants, and the Court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented party.[48]

## III.  CONCLUSION

For these reasons, the Defendant's renewed Motion to Dismiss for failure to prosecute is **GRANTED.**


**IT IS SO ORDERED**.


*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**

---

[48] *Id*.