**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| BRENDA LEE STANSBURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-06-074 CLS |
| ROLANDA HELM-WOULARD and | ) | |
| BARRY SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Date Submitted: May 12, 2026
Date Decided: May 20, 2026

*Upon Consideration of Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services Motion for Summary Judgment*, **GRANTED**.

*Upon consideration of Defendant Rolanda Helm-Woulard's Motion for Summary Judgment*, **GRANTED**.

## <u>ORDER</u>

Brenda Lee Stansbury, *Pro se Plaintiff.*

Loreto P. Rufo, Esquire of RAWLE & HENDERSON, LLP, *Attorney for Universal Protection Service, LLC, incorrectly named Barry Security*.

Josiah R. Wolcott, Esquire of CONNOLLY GALLAGHER LLP, *Attorney for Defendant Rolanda Helm-Woulard*.

**SCOTT, J.**

Having considered Defendant Universal Protection Service, LLC's ("Universal"), incorrectly named Barry Security, Motion for Summary Judgment,[1] Defendant Rolanda Helm-Woulard's ("Helm-Woulard") Motion for Summary Judgment,[2] and pro se Plaintiff Brenda Lee Stansbury's ("Plaintiff") Response,[3] it appears to the Court that:

1. Plaintiff filed a Complaint[4] pro se—i.e., as a self-represented litigant—on June 12, 2024, which was later amended on November 13, 2024.[5] The Amended Complaint, though brief in its assertions, alleges that Defendants "illegally" entered her apartment "without notification."[6]

2. According to the Amended Complaint, Plaintiff was renting Apartment 2H at Luther Tower II in Wilmington, Delaware at the time of the alleged incident.[7] During her tenancy, she noticed "on several occasions," that various "items [were] removed from her apartment."[8]

3. On January 13, 2025, Universal filed a Motion to Dismiss for failure to state a claim for trespass.[9] Plaintiff, consistent with the Briefing Schedule, filed a

---

[1] Def. Universal Protection Serv., LLC's Mot. for Summ. J., D.I. 35.
[2] Def. Rolanda Helm-Woulard's Mot. for Summ. J., D.I. 37; Universal and Helm-Woulard are collectively referred to as "Defendants" throughout this Order when appropriate.
[3] Pro se Pl. Brenda Lee Stansbury's Resp. to Defs.' Mots. for Summ. J., D.I. 39.
[4] *See generally* Compl., D.I. 1.
[5] *See generally* Am. Compl., D.I. 4.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] Def. Universal Protection Serv., LLC's Mot. to Dismiss, D.I. 20.

Response to the Motion to Dismiss on February 21, 2025.[10] The Court issued an Order on March 26, 2025, denying Universal's Motion to Dismiss.[11]

4. Plaintiff issued a Letter to the Court on April 22, 2025, asking the Court to amend the Amended Complaint.[12] Defendants filed Answers to the Amended Complaint and discovery began.

5. Universal served on Plaintiff interrogatories and requests for production on July 28, 2025, via hand delivery.[13] On September 12, 2025, Universal sent Plaintiff a letter regarding outstanding discovery requests, and asked Plaintiff to complete and return the requests as soon as possible.[14] On October 29, 2025, Helm-Woulard served on Plaintiff interrogatories and requests for production via first class mail.[15]

6. By November 2, 2025, Plaintiff had not responded to Universal's written discovery requests, so Universal filed a Motion to Compel.[16]

7. On November 3, 2026, Universal filed a Notice of Deposition to take Plaintiff's deposition on December 1, 2025 at 2:00 PM, which was mailed and hand-

---

[10] Briefing Schedule, D.I. 21; Pro se Pl.'s Resp. to Def. Universal Protection Serv., LLC's Mot. to Dismiss, D.I. 22.

[11] *Stansbury v. Helm-Woulard*, 2025 WL 929351, at *1 (Del. Super. Mar. 26, 2025).

[12] Pro se Pl.'s Letter to the Court, D.I. 26.

[13] Def. Universal Protection Serv., LLC's Notice of Serv. of Interrogs. and Req. for Produc. Directed to Pl., D.I. 28; Def. Universal Protection Serv., LLC's Mot. to Compel, D.I. 33, Ex. A.

[14] Def. Universal Protection Serv., LLC's Letter to Pl. Regarding Outstanding Discovery Req., D.I. 30.

[15] Def. Rolanda Helm-Woulard's Notice of Serv. of Interrogs. and Req. for Produc. Directed to Pl., D.I. 32.

[16] *See generally* Def. Universal Protection Serv., LLC's Mot. to Compel.

delivered to Plaintiff.[17]  Plaintiff did not respond to Universal's Motion to Compel or attend the deposition.

8.  On December 5, 2025, Universal filed a Motion for Summary Judgment.[18] Helm-Woulard also filed a Motion for Summary Judgment on December 9, 2025, asserting the same arguments as Universal.[19]

9.  Plaintiff, consistent with the Briefing Schedule, timely responded to Defendants' Motions for Summary Judgment on January 12, 2026.[20]  Aside from what appears to be Plaintiff's permission for the Court to proceed with the Defendants' Motions for Summary Judgment, Plaintiff did not provide a substantive response to Defendants' arguments.[21]

10. Upon review of Defendants' Motions for Summary Judgment, the Court became aware of Universal's unopposed Motion to Compel.  Consequently, on January 21, 2026, the Court granted Universal's Motion to Compel and ordered Plaintiff to provide complete responses to the interrogatories within 20 days of the Order.[22]  On February 3, 2026, the Court notified Plaintiff that it granted Universal's Motion to Compel.[23]

---

[17] Def. Universal Protection Serv., LLC's Notice of Deposition, D.I. 34.
[18] *See generally* Def. Universal Protection Serv., LLC's Mot. for Summ. J.
[19] *See generally* Def. Rolanda Helm-Woulard's Mot. for Summ. J.
[20] *See* Briefing Schedule, D.I. 38;  Pro se Pl.'s Resp. to Defs.' Mot. for Summ. J., D.I. 39.
[21] *Id.*
[22] Order Granting Universal Protection Serv., LLC's Mot. to Compel, D.I. 40.
[23] *See* Letter Issued to Pl., D.I. 41.

11. On March 3, 2026, after receiving no response from Plaintiff on the Motion to Compel, Universal filed a letter requesting that the Court move forward with its Motion for Summary Judgment.[24]

12. On April 21, 2026, the Court issued Plaintiff a Rule 41(e) Notice and provided Plaintiff with 15 days to respond.[25] Plaintiff has not responded to either the Defendants or the Court, and the Rule 41(e) Notice was "[n]ot deliverable as addressed."[26]

13. On May 12, 2026, Defendants filed a letter asking the Court to move forward and dismiss the action for want of prosecution because Plaintiff "has never responded to discovery requests, ignored deposition notices, ignored the Court's [Orders], and failed to respond in any substance to Defendants' motions for summary judgment."[27]

14. First, the Court concludes that Defendants are entitled to summary judgment. The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[28] If the moving party satisfies its initial burden, the non-moving party must

---

[24] *See* Letter Regarding State of Litig., D.I. 42.
[25] Letter Issued by Judge Scott on April 21, 2026, D.I. 43.
[26] Notice of Mail: Return to Sender. Not deliverable as addressed, D.I. 44.
[27] Letter Regarding State of Litigation and the Court's April 21, 2026 Letter, D.I. 45.
[28] Super. Ct. Civ. R. 56(c).

sufficiently establish the "existence of one or more genuine issues of material fact."[29]  Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[30]  "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[31]

15.  Defendants proffer that the Court should grant summary judgment because Plaintiff has failed to provide evidence of her claim.  The Court agrees.  Because there is no evidence to support her claim for trespass, there is no genuine issue of material fact, and the Defendants are entitled to judgment as a matter of law.

16.  The Court also finds it appropriate to dismiss Plaintiff's claim under Rule 41(e).  Under Rule 41(e), the Court "may order an action dismissed, sua sponte, upon notice of the Court, for failure of a party [to] diligently . . . prosecute the action, for failure to comply with any rule, statute, or order of the Court, or for any other reason deemed by the Court to be appropriate."  "The Court is mindful that, '[t]he sanction of dismissal is severe and courts are and have been reluctant to apply it except as a

---

[29] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. June 19, 1995) (TABLE);  *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[30] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962);  *see also CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2015 WL 3863225, at *1 (Del. Super. June 8, 2015).
[31] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975);  *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

last resort.'"[32]  The duty to diligently prosecute, however, "falls upon the plaintiff, not the court."[33]

17.  While the Court is sensitive to Plaintiff's status as a pro se litigant, it does not absolve her duty to diligently prepare her case for trial or "risk dismissal for failure to prosecute" so as not to "affect the substantive rights of the parties."[34]  The Delaware Supreme Court has instructed trial courts to consider the following factors in dismissing a case under Rule 41(e):

> (1) the extent of the party's personal responsibility;  (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;  (3) a history of dilatoriness;  (4) whether the conduct of the party or the attorney was willful or in bad faith;  (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions;  and (6) the meritoriousness of the claim or defense.[35]

18.  Applying these factors here, the Court concludes that dismissal is appropriate.  As a pro se litigant, Plaintiff is personally responsible for litigating her claim against Defendants.  The Court and Defendants have been lenient, accommodating, and provided Plaintiff with multiple opportunities to pursue her claim.  Plaintiff's conduct is prejudicial to Defendants because they cannot

---

[32] *Bolden-Loat v. Main Event Ent., Inc.*, 2025 WL 262666, at *2 (Del. Super. Jan. 22, 2025) (quoting *Drejka v. Hitchens Tire Serv. Inc.*, 15 A.3d 1221, 1224 (Del. 2010)).

[33] *Alston v. Maahs*, 207 A.3d 564, 2019 WL 1220932, at *2 (Del. Mar. 14, 2019) (TABLE).

[34] *Bolden-Loat*, 2025 WL 262666, at *3 (quoting *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001); *Maddox v. Isaacs*, 2013 WL 2297030, at *2 (Del. Super. May 7, 2013)).

[35] *Drejka*, 15 A.3d at 1224 (quoting *Minna v. Energy Coal S.p.A.*, 984 A.2d 1210, 1215 (Del. 2009)) (internal quotation marks omitted).

adequately prepare a defense in a case that has not moved past the discovery stage since the Complaint was filed close to two years ago. Plaintiff has a history of dilatoriness because she has failed to comply with court orders and deadlines. Although it does not appear that Plaintiff is acting in bad faith, she is willfully choosing not to participate.[36] The Court also finds that no other sanctions would be effective here given the numerous attempts by both the Court and Defendants to engage Plaintiff in the prosecution of her case. Finally, Plaintiff's case lacks merit because there is no evidence to support the allegations in the Amended Complaint as discussed above. Hence, the *Drejka* factors weigh in favor of dismissing this case under Rule 41(e).

19. Accordingly, for the foregoing reasons, Universal Protection Service, LLC's Motion for Summary Judgment is **GRANTED**, Rolanda Helm-Woulard's Motion for Summary Judgment is **GRANTED**, and this case is **DISMISSED** for failure to prosecute.

IT IS SO ORDERED.

/s/ Calvin Scott
Judge Calvin L. Scott, Jr.

---

[36] *See e.g., Bolden-Loat*, 2025 WL 262666, at *3.