**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

NEFFERTITTI COOPER,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　C.A. No. N25C-05-217 CLS
WHITNEY APARTMENTS,　　　　　　)
GALMAN GROUP, LTD. and JANI-　　)
KING PHILADELPHIA, INC,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　)

Date Submitted: March 25, 2026
Date Decided: June 25, 2026

*Upon Consideration of Defendants' Motion to Dismiss,* **GRANTED**.

## ORDER

Neffertitti Cooper, *Pro se Plaintiff.*

Krista E. Shevlin, Esquire of WEBER GALLAGHER SIMPSON STAPLETON FIRES &
NEWBY, LLP, *Attorney for Defendant Whitney Apartments & Galman Group, Ltd.*

Marc Sposato, Esquire of MARK'S, O'NEILL, O'BRIEN, DOHERTY, & KELLY, P.C.
*Attorney for Defendant Jani-King of Philadelphia, Inc.*

**SCOTT, J.**

Having considered Defendant Whitney Apartments and Galman Group, Ltd.'s Motion to Dismiss under Superior Court Rule of Civil Procedure 41(b), joined by Jani-King of Philadelphia, Inc.[1] (collectively, "Defendants"), it appears to the Court that:

1. Plaintiff ("Cooper") filed a Complaint on May 20, 2025,[2] which was later amended on May 23, 2025.[3] The Amended Complaint alleges that Defendants failed to "take reasonable measures to make premises safe for resident invitees and to properly and reasonably inspect the premises to recognize the dangerous condition that existed for the plaintiff and other resident invitees" and engaged in various other negligent acts.[4]

2. According to the Amended Complaint, Cooper was a tenant of Whitney Apartments in Claymont, Delaware at the time of the alleged incident.[5] On June 30, 2023, Cooper was descending an interior flight of stairs on the premises when she slipped on a "slippery substance" causing her to fall and suffer "serious personal injuries."[6]

3. On June 18, 2025, Whitney Apartments and Galman Group, Ltd. answered Cooper's Complaint and set forth ten affirmative defenses, as well as a crossclaim

---

[1] Def. Jani-King of Philadelphia, Inc.'s Notice of Joinder to Mot. to Dismiss, D.I. 23.
[2] Pl. Neffertitti Cooper's Compl., D.I. 1.
[3] Am. Compl., D.I. 2.
[4] *Id.*
[5] *Id.*
[6] *Id.*

against Co-Defendant Jani-King of Philadelphia Inc.[7] Defendant Jani-King initially failed to respond, prompting the Court to request a status report on September 23, 2025.[8]

4. On October 20, 2025, Cooper's attorney James P. Hall, Esquire ("Hall") filed a Motion to Withdraw as Counsel after multiple failed attempts to contact Cooper.[9] The Court granted the Motion to Withdraw and instructed Hall to notify Cooper that she had thirty days to obtain a new attorney or advise the Court if she would proceed *pro se*.[10] Hall served notice of the Court's order to Cooper on November 17, 2025, and she has yet to respond or otherwise make any contact with the Court.[11]

5. On December 18, 2025, Defendants filed this Motion to Dismiss pursuant to Superior Court Rule of Civil Procedure 41(b) which "allows a defendant to move to dismiss an action for a plaintiff's failure to prosecute or comply with the Court's rules or any order of the Court."[12]

6. This Court holds "inherent authority to dismiss a plaintiff's action for failure to prosecute or comply with its rules or orders."[13] The Court is conscientious of the fact that, "[t]he sanction of dismissal is severe and courts are and have been reluctant

---

[7] Defs. Whitney Apartments & Galman Group's Answer to Compl, D.I. 10.
[8] *See* Letter Issued by Judge Scott, D.I. 13; Pl.'s Letter for Judicial Review, D.I. 14.
[9] Mot. to Withdraw as Counsel, D.I. 16.
[10] *See* D.I. 20, 21.
[11] *See* D.I. 21.
[12] Defs. Whitney Apartments & Galman Group Mot. to Dismiss, D.I. 22 ("Mot. to Dismiss") (quoting *Dickenson v. Sopa*, 2013 WL 3482014, at *2 (Del. Super. June 20, 2013).
[13] *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 716–17 (Del. 2008).

to apply it except as a last resort."[14]   However, the responsibility to proactively prosecute, "falls upon the plaintiff, not the court."[15]

7.  Plaintiffs are responsible for proper preparation of their case and in absence "risk dismissal for failure to prosecute."[16]  This Court provides some leeway for *pro se* litigants, but only so far as to not "affect the substantive rights of the parties."[17] The Delaware Supreme Court has instructed trial courts to consider the following factors in dismissing a case under Rule 41(b):

> (1) the extent of the party's personal responsibility;  (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;  (3) a history of dilatoriness;  (4) whether the conduct of the party or the attorney was willful or in bad faith;  (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[18]

8.  Applying these factors here, the Court concludes that dismissal is appropriate.  First, Cooper was provided with multiple opportunities and ample time to engage in the necessary actions to pursue her claim.  Cooper's previously retained counsel, Hall, attempted to call Cooper, but the number provided was no longer in

---

[14] *Bolden-Loat v. Main Event Ent., Inc.*, 2025 WL 262666, at *2 (Del. Super. Jan. 22, 2025) (quoting *Drejka v. Hitchens Tire Serv. Inc.*, 15 A.3d 1221, 1224 (Del. 2010)).
[15] *Alston v. Maahs*, 207 A.3d 564, 2019 WL 1220932, at *2 (Del. Mar. 14, 2019) (TABLE).
[16] *Bolden-Loat*, 2025 WL 262666, at *3 (quoting *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001); *Maddox v. Isaacs*, 2013 WL 2297030, at *2 (Del. Super. May 7, 2013)).
[17] *Id.*
[18] *Drejka*, 15 A.3d at 1224 (quoting *Minna v. Energy Coal S.p.A.*, 984 A.2d 1210, 1215 (Del. 2009)) (internal quotation marks omitted).

service.[19]  He attempted to contact Cooper by mail and even hired an investigator to try and locate her.[20]  It was discovered Cooper had moved and Hall again tried to contact her at her new address.[21]  Cooper continued to ignore her counsel, resulting in his withdrawal.[22]  Second, Cooper's noncompliance since filing her Amended Complaint prejudices Defendants' ability to prepare a defense in a case that has become stagnant.  Third, Cooper's ongoing lack of cooperation indicates she has abandoned her claim and does not intend to pursue the action.  Fourth, her unwillingness to communicate with her own counsel and this Court exemplifies willful conduct unnecessarily delaying litigation.  Fifth, the Court finds that no other sanctions would be effective here given the numerous attempts to engage Cooper in the prosecution of her case.  Finally, Cooper's claim lacks merit as there is no evidence to support the allegations in the Amended Complaint.  Hence, the factors utilized by Delaware Supreme Court weigh in favor of dismissing this case under Rule 41(b).

---

[19] *See* D.I. 16.
[20] *Id.*
[21] *Id,*
[22] *Id.*

9. Accordingly, for the foregoing reasons, Whitney Apartments, Galman Group Ltd., and Jani-King's Motion to Dismiss is **GRANTED**, and this case is **DISMISSED** for failure to prosecute.

**IT IS SO ORDERED.**

/s/ Calvin Scott
Judge Calvin L. Scott, Jr.